SARAH BONHAM *et al.,* appellants, *v.* ABRAHAM BADGLEY *et al.,* appellees.

*Appeal from St. Clair.*

Disseizins are not favored in law, and are not to be raised by construction.
The legal owner may sometimes treat the entry of a trespasser as a disseizin, or as lawful, according to his election, and so proceed as will be most advantageous to himself. But this election does not belong to the trespasser.
Under the statute, as it existed in 1819, males of the age of seventeen, and females of the age of fourteen could be joined in marriage, if "not prohibited by the laws of God." A. married the daughter of his sister: Held, that this marriage was within the Levitical degrees, though not on that account absolutely void, but only voidable. As to all civil purposes, until sentence of separation, which must be made in the life-time of the parties, marriages of this kind are esteemed valid. Courts will not annul the marriage after the death of either party, by which the issue would be rendered illegitimate.

BILL IN CHANCERY for relief, &c., in the St. Clair Circuit Court, filed by the appellees against the appellants, and heard before the Hon. Gustavus P. Koerner, at the November special term 1845, on demurrer to the bill. The demurrer was overruled, and a decree *pro confesso* entered.

*L. Trumbull,* for the appellants, made the following objections in support of the demurrer, and for a reversal of the decree:

1. The bill does not show that Joseph Bonham, from whom complainants claim, died seized of the land; *non constat,* but he may have conveyed away the land before his death.

2. By the law of descents in force at Joseph's death, his mother, Sophia, was his only heir, and there is no allegation that she was seized of the land at her death in 1834; nor indeed at any time; nor who were her heirs; the bill being framed upon the presumption that, at Joseph's death, his estate descended to his brothers and sisters, which was not then the law. Laws of 1819, 230; *Hays' Adm'r* v. *Thomas,* Bre. 136.

3. The bill does not show how complainants are entitled to the interests which they claim, no title being shown or alleged in the ancestor through whom they claim, at the time of his death.

4. The bill is multifarious, uncertain and contradictory, and if sustained will deprive the said Sarah of her dower interest in said land; to which she is by law entitled. Male persons of the age of seventeen years, and females of the age of fourteen years and upwards, and not prohibited by the laws of God, may be joined in marriage. Laws of 1819, 26.

The only marriages forbidden by the laws of God, are,

1. A second marriage when there has been a prior marriage to another person, who is then alive;

2. When there has been a prior contract; and

3. When there is imbecility. Reeve's Dom. Rel. 202.

And when a marriage is invalid by reason of any of the causes mentioned, they are considered as husband and wife until divorced, except in the case of a second marriage. Ib. If the husband or wife die before sentence of divorce, the marriage cannot be impeached. Ib. 204; 1 Bl. Com. 434.

5. Lapse of time is a bar to the relief sought; and when the facts showing this appear upon the face of the bill, a demurrer is proper. Story's Eq. Pl. 378, 389, 580.

6. The heir of Joseph Bonham never having entered upon

or had possession of the land, those claiming under said heir cannot, after a lapse of more than twenty years, maintain a partition suit as against a stranger who entered upon the land immediately upon Joseph's death, and has had the exclusive possession ever since.

An uninterrupted possession for twenty years is conclusive of the right, upon a trial in ejectment. 4 Phillip's Ev. 265. As to the manner of proving possession, see ib. note 5.

Possession, with pernancy of profits, is evidence in respect of land, of a seizin in fee. 2 Phillip's Ev. 354; 3 Cruise's Dig. 496.

The entry of Susannah Beer, a stranger who had no right, immediately on the death of Joseph Bonham, was an abatement. 3 Black. Com. 168; and her death in 1843, while in possession, tolled the right of entry of the lawful heirs of Joseph Bonham. Ib. 176; 3 Cruise's Dig. 356.

7. The possession of the said Susannah being in its commencement hostile, and the statute once having began to run, will continue. The whole possession must be taken together. 3 Cond. R. 472.

A bill for partition does not lie, when the defendant is in possession claiming adversely. 1 Barb. & Har. Dig. 461; *Wilkin* v. *Wilkin,* 1 Johns. Ch. R. 112; *Cox* v. *Smith,* 4 Johns. Ch. R. 271; *Clapp* v. *Bromagham,* 9 Cowen, 573. A naked possession is protected by statute, &c. *Jackson* v. *Woodruff,* 1 Cowen, 285; Laws of 1823, 183; Gale's Stat. 454.

*W. H. Underwood,* and *J. Gillespie,* for the appellees.

1. Courts of Equity have concurrent jurisdiction in awarding partition with Courts of Law, and will grant relief where parties hold by legal or equitable titles, and where adequate relief is not afforded by a Court of Law. 1 Story's Eq. Jur. 608, §§ 655, 8; *Jackson* v. *Edwards,* 7 Paige, 404; *Overton's Heirs* v. *Woolfolk,* 6 Dana, 374–5.

2. A Court of Equity in general, requires less certainty in pleading than a Court of Law. Cooper's Eq. Pl. 181.

3. On Joseph Bonham's death in 1823, his land was inherited by his mother, Sophia Bonham. Laws of 1819, 230;

*Hays' Adm'rs* v. *Thomas*, Bre. 136.   The reputed marriage between Joseph Bonham and Sarah, his niece, was void *ab initio*.   2 Kent's Com. 82–3–4, and note.   Laws of 1819, 26. But admitting it was not void without a divorce, the child of Sarah did not become, by said subsequent marriage, legitimate or capable of inheriting from its reputed father or mother.   2 Kent's Com. 211–12, 173–5.   Our statutes on this point were passed in 1827 and 1829.   Gale's Stat. 333, § 76; Ib. 97, § 46, and will not operate retrospectively; *Stevenson's Heirs* v. *Sullivan*, 4 Peters' Cond. R. 636–9; *Garrett* v. *Wiggins*, 1 Scam. 335; for the manifest reason that such construction would divest vested rights.   On the death of Sophia, in 1834, the land descended to her children and their descendants.   Gale's Stat. 696, § 43.

4.   The statute of limitations must be pleaded or relied upon in the answer.   2 Barb. & Har. Dig. 217; 2 Scam. 220, 520.

5.   Our present statute was passed Feb. 20, 1827; Gale's Stat. 455; and had not run twenty years at the time of the commencement of this suit, and cannot apply to this case; Bre. Ap. 30; unless the statute of 1823, 183–4 commenced running.   Gale's Stat. 455.   The statute of 1823 only includes cases where the person in possession "claims under color of title and adversely."   The possession of Sarah will not be presumed hostile to the real owners of said land. *Humbert* v. *Trinity Church*, 24 Wend. 589.

To constitute an adverse possession, it must be under color and *claim* of right.   Adams on Eject. 46–7 *u.* p. 451–2 –4 notes; 8 Pick. 377; *Clapp* v. *Bromagham*, 9 Cowen, 552.

6.   The occupation of the land by Susannah Beer, from the death of Joseph Bonham, was not a "wrongful entry by a stranger after his death," and, therefore, she cannot be an abator, nor can she be a disseizor, whereby the right of entry could be tolled on the occupation of her heirs after her death. 3 Black. Com. 173–6; *Doe* v. *Hull*, 16 Eng. Com. Law R. 70 –1; 2 Bouvier's Law Dic. title "*Seizin*," 387.

7.   The owners of land are deemed in constructive possession or seizin, unless there is an adverse possession.

*Liscomb* v. *Root,* 8 Pick. 377; *Brownell* v. *Brownell,* 19 Wend. 369; *Wilcox* v. *Kinzie,* 3 Scam. 224.

8. A Court of Chancery will not send a complainant in partition to a Court of Law, unless the title is suspicious, even though it be denied. 6 Dana, 374.

9. On a bill for partition the Court may, on being satisfied that the same cannot be made without manifest prejudice to the parties, order a sale by a commissioner. Fon. Eq. 36, *n.*; 4 Paige, 353; *Davis* v. *Davis,* 2 Iredell's Eq. R. 608; Hardin, 582; *Thompson* v. *Hardman,* 6 Johns. Ch. R. 435; *Jackson* v. *Edwards,* 7 Paige, 404. Sale may be for cash. Gale's Stat. 144, § 21.

The Opinion of the Court was delivered by

SCATES, J. The defendants filed a bill for a partition or sale of real estate, against the plaintiff and others. The plaintiff's demurrer to the bill was overruled; and that judgment is assigned for error, as is also the decree for a sale of the premises.

The bill traces title from the U. S. to one Joseph Bonham, who entered into possession, fenced and cultivated the premises. The bill then proceeds to state, "that the said Joseph Bonham is reputed to have married Sarah Beer, one of the defendants hereinafter named, the daughter of the sister of him, the said Joseph Bonham, in March, A. D. 1823; that the said marriage, if any, by reason of the consanguinity, was illegal and void; that the said Sarah, at the time of said reputed marriage, had a child about eight months old; that said Joseph Bonham, about one month after said marriage, died, &c., that he had no children by the said marriage, and left no legitimate children, who could inherit his estate;" that at the time of his death, he left no father, but a mother, who died some time in the year 1834, leaving no husband or children and grandchildren, except the persons hereinafter mentioned, as the brothers and sisters, children of brothers and sisters of said Joseph, &c. After setting forth the parties, plaintiffs and defendants, and the interest of each, the bill proceeds to state: "That Susannah Beer, sister of

said Joseph, and mother of Sarah, the plaintiff here, had the entire use of the said tract of land, after the death of the said Joseph Bonham, until she died in 1843, and lived upon the same, and cultivated most of the same and received all the avails thereof, with all of her said children, who resided with her; and the said Sarah, her daughter, has occupied and received all the avails of the same ever since. And that the use of the premises, during the last twenty two years, has been worth at least thirty dollars a year."

If Joseph died without children, or descendants of a child, by the law then in force, the estate went by descent to the next of kin, and leaving only a mother surviving, she would take the whole estate. Laws of 1819, 230, § 21. Such was the fact by the bill, and the parties, therefore, must derive title by descent from Sophia Bonham, the mother of Joseph. It is, therefore, contended that she was never in the seizin, but was disseized by Susannah Beer, who remained in possession until her death, when the premises descended to her daughter, Sarah, the plaintiff in error. By which disseizin and descent it is contended the right of entry of Sophia Bonham's heirs is tolled, and they are put to their action to recover the possession, if not barred. If the premises were true, the corollary would follow. But disseizins are not favored in law, and are not to be raised by construction. We do not regard the facts stated in the bill as showing a case of disseizin. The legal owner may sometimes treat the entry of a trespasser as a disseizin, or as lawful, at his election, and so proceed as will be most advantageous to himself. But this election does not belong to the trespasser. The view we take of this case, however, renders it unnecessary to decide further upon this point.

We regard the allegations of the bill as setting forth a marriage in fact between Joseph and Sarah, the plaintiff. The law of 1819, 26, § 1, provides that males of the age of seventeen, and females of the age of fourteen, may be joined in marriage, if "not prohibited by the laws of God." Whether the "laws of God" mean the Levitical degrees, in this respect, I will not undertake to determine. But this

marriage was certainly within the Levitical degrees; yet it is not, therefore, void, but only voidable. 1 Black. Com. 434; 2 Kent's Com. 94, 95; 4 Bac. Abr. 554.

They are esteemed valid for all civil purposes, until sentence of separation, and which must be made in the lifetime of the parties, for the Courts will not annul the marriage after the death of either party, by which the issue would be bastardized. See same authorities, and also Com. Dig. 216 to 219, C. 1 to C. 7, inclusive.

The marriage not being annulled by sentence of separation during the lifetime of the husband, it is made good for all civil purposes, and the wife is entitled to dower. 1 Black. Com. 434, note 3, citing *Elliott* v. *Gurr*, 2 Phil. Ecc. C. 16; 1 Moore, 225-8; Cro. Car. 352; 1 Roper 332-3.

The statute has saved the right of dower on lands descending. Laws of 1819, 230, § 21. And has also provided a remedy for its assignment, if not done within a month after demand made. Ib. 12, § 1. But she has been allowed to remain in possession, living with her mother, as shown by the bill, upon the premises, and whom, we should regard as being seized instead of the mother being possessed. Thus having the possession of the whole estate, she might well neglect to demand an assignment. This bill seeks a sale of the whole premises without an assignment, and so it is decreed. We are, therefore, of opinion that the decree is erroneous, and must be reversed with costs, and the cause remanded for such further proceedings, as to law and equity may appertain.

*Decree reversed.*