## James McKenna v. Julia McKenna.

1. ALIMONY—*Where the Marriage is Denied.*—In applications for alimony *pendente lite*, where the existence of the marriage is denied, no order for the same can properly be made until a hearing has been had by the court and the relation of husband and wife found to exist.

Bill, to set aside a former decree. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1897. Reversed. Opinion filed June 14, 1897.

### STATEMENT OF THE CASE.

This was a bill filed July 23, 1896, to set aside a former decree of the Circuit Court of Cook County, and for a separate maintenance.

The bill set forth that in the spring of 1862, complainant was married to James McKenna, and continued to live with him as his wife until June 30, 1894, when he drove her from their said home; that during the time complainant and defendant cohabited as husband and wife six children were born to them, none of whom are now living. That on said 30th of June, 1894, she filed her bill for a separate maintenance; that in said former suit the following decree was entered on the 14th day of July, 1894:

"This cause now coming on to be heard on the bill of complaint herein and the answer of the defendant herein, the complainant appearing in person and by Albert Phalen, her solicitor, and the defendant appearing by Barnum, Humphrey & Barnum, his solicitors, and it appearing to the court that the complainant consents that her bill of complaint herein be dismissed for want of equity, it is therefore ordered, adjudged and decreed, that the said bill of com-

plaint be, and the same is hereby, dismissed for want of equity, without costs to either party, said costs having been paid."

The bill then alleges that complainant was asked to sign a certain agreement, or paper, which was also signed by said defendant, which is as follows:

"This agreement, made and entered into at Chicago, Illinois, this 14th day of July, A. D. 1894, by and between Julia, otherwise called Bridget Doyle, an unmarried woman, and James McKenna, an unmarried man, witnesseth:

That whereas, the said Julia or Bridget Doyle, by the name of Julia McKenna, has filed in the Circuit Court of Cook County a bill in chancery in cause general No. 131,676, in said court, against the said James McKenna, wherein she alleges, among other things, that she is the wife of the said James McKenna, and prays, among other things, a separate maintenance as such alleged wife; but the said James McKenna denies that she is his wife.

And whereas, in fact, the said Julia, or Bridget Doyle, so suing as Julia McKenna, is not and never has been the wife of the said James McKenna, and she has no legitimate claims, past, present or future, in his lifetime, or after his death, against him or his property or estate, as his wife, and hereby agrees to make no such claims, and consents that a decree may be entered in said chancery cause dismissing her said bill against him for want of equity.

Now, therefore, in consideration of the premises, the said James McKenna hereby covenants and agrees to pay to her, the said Julia, or Bridget Doyle, otherwise calling herself Julia McKenna, thirty dollars ($30) in cash on the execution of this agreement, the payment and receipt of which is by her hereby acknowledged, and also to pay to her thirty dollars ($30) per month on the 14th day of every calendar month hereafter, as long as she shall live; and he further covenants that he will pay all reasonable and necessary bills which she may incur for medicines and medical services on account of any sickness or injuries which may befall her during her life; and the obligations and covenants herein of the said

James McKenna shall be binding upon him, his heirs, executors and administrators.

The said Julia or Bridget Doyle hereby accepts the provisions herein made for her in full satisfaction, extinguishment, and for full release and renunciation which she hereby gives and makes of all claims, rights and interest, which she would or might have upon the said James McKenna and his property or estate during his lifetime or after his death, if she were or had been his wife.

This agreement is made and accepted on both sides in full settlement of all past and present differences between them of every name and nature.

Witness our hands and seals this day and date aforesaid.

(Signed)    JULIA McKENNA,    [SEAL.]
Suing as Julia McKenna.
(Signed)    JAMES McKENNA,    [SEAL.]
James McKenna."

Complainant alleges that the dismissal of the said bill and the entry of the decree by the defendant and his counsel was by fraud and misrepresentation on the part of the defendant and of his counsel, and of one Phalen, pretending to represent the complainant; that the defendant promised to provide for the complainant fully and amply, and would pay her $30 a month during her life. That during the months immediately following, and until the month of January, 1895, the payments of said money, to wit, thirty dollars ($30), were sent by the defendant to the complainant. That defendant knowingly and falsely misled complainant by causing and procuring a decree to be entered in said cause; that said defendant and said counsel, pretending to represent this complainant, falsely induced complainant to sign the so-called fraudulent agreement, with the intention of deliberately setting the same up as a defense, and that the allegations of the complainant contained in the bill filed therein were true.

Appellant appeared in this cause and moved to strike the bill from the files and to dismiss the suit.

On December 18, 1896, an order was entered as follows:

McKenna v. McKenna.

" First. That motion filed on behalf of defendants to strike the bill filed herein from the files be overruled and disallowed.

Second. That motion for solicitor's fees and alimony *pendente lite* be allowed. The court decrees that said defendant McKenna pay to complainant, within thirty days from this date, the sum of $350 as and for temporary alimony on behalf of the complainant, and expenses heretofore incurred; that said defendant pay the additional sum of $30 per month to complainant as additional alimony *pendente lite*, said payments beginning on the 1st day of December, 1896. And it was further ordered and decreed that said defendant pay to the solicitor for the complainant as and for complainant's solicitor's fees, the sum of $300."

January 21, 1897, appellant filed his verified answer, denying that appellee is or ever was his wife; also setting forth that appellee brought suit against him upon the agreement set up in her bill, and obtained before a justice of the peace a judgment against him for $90. Appellant also, on January 11th, moved that the order for alimony and solicitor's fees entered in the present suit be set aside, and in support of such motion filed an affidavit setting forth that said order was entered without his knowledge and wholly without his consent and approval; that he was not served with notice of an application for alimony and solicitor's fees; that said order was irregularly entered, without opportunity for affiant to be heard, his counsel having entered a special and not a general appearance, as hereinbefore stated, which motion of appellant was overruled.

Strong, Struckmann, Ehle & Milsted, attorneys for appellant.

W. A. Doyle and J. D. Andrews, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

An order to pay temporary alimony or solicitor's fees must be based upon a finding that the party so commanded to pay is the husband of the complainant. If such condition

be admitted or not denied, it may, for the purpose of the order, be assumed.

In the view of the writer of this opinion, when the existence of the alleged marriage is denied, no such order can properly be made until a hearing has been had and the court upon it finds and adjudges that the relation of wife and husband exists.

If, before hearing and without regard to the denials of the defendant, an order to pay temporary alimony and solicitor's fees can be made upon the mere filing of a bill alleging marriage of the complainant to the defendant, cause for divorce or separate maintenance, and ability of the defendant to pay, then an easy method for procuring the temporary support of unmarried women and good fees for the bar has been found.

Upon disputed questions of fact to compel one to pay without a hearing, is to deprive him of property without due process of law, for due process of law involves a hearing upon the allegations and denials of the parties.

If the defendant merely deny the alleged cause for separation, ordinarily, an order for alimony and solicitor's fees may be made, for the fact of marriage entitles the suing wife to such order, whether she has cause or not for bringing suit; while if there be no marriage there can not be obligation to support or to furnish funds to enable the complainant to prosecute lawsuits. Bishop on Marriage and Divorce, Vol. 2, Sec. 924; Vreeland v. Vreeland, 3 N. J. Eq. 43.

In the case of Schonwald v. Schonwald, 1 Phillips' Eq. 219, which is based upon the statute of North Carolina, there is a *dictum* to the effect that temporary alimony may be allowed, notwithstanding a denial of the marriage by the defendant, the court saying :

" Our statute is general  *  *  *  and puts the right to be allowed alimony *pendente lite* upon the sufficiency of the matter set forth in the petition; proceeding upon the idea that it is better when a woman makes oath, under the penalty affixed to perjury, to the fact of marriage, to take it to be true for the purpose of allowing alimony *pendente lite*,

even although it may turn out to be false, and the man may have but little chance to get back what he ought not to have been compelled to pay, rather than subject a wife to the danger of starvation, if a brutal husband makes oath denying the fact of marriage, which may turn out to be false."

The logical conclusion from such premise is, and the more accurate statement would be, that it is better to compel any man to pay temporary alimony and expenses of suit to any woman who may see fit to make oath that he is her husband, however strongly he may deny the accusation, rather than allow her to be in want of money which he has.

In the present case it appears from the bill filed by appellee, two years before bringing the present suit, she, under her hand and seal, declared that she was not and never had been the wife of appellant, and had no claim upon him, and that she consented that her suit for separate maintenance be dismissed for want of equity; and that such decree was thereupon entered.

The bill in the present case alleges that such decree was procured by fraud of appellant, and appellee asks that it be set aside, but she does not allege that since the entry of the same there has been any marriage or act indicating a marriage relation.

In the face of such statement and decree, the court should not, without some proof, have awarded to the complainant temporary alimony and solicitor's fees.

The order of the Circuit Court is reversed.

In No. 202 of the present term, McKenna v. McKenna, the record being the same as that in which the foregoing opinion is given, the order of the Circuit Court is reversed.