THE STATE v. PRUETT, *Appellant.*

Division Two, May 17, 1898.

1. **Incest:** EVIDENCE: PREGNANCY. It was improper to admit in evidence the statement of a witness that a few weeks after he saw the defendant and his sister together on the bed, she appeared to be "in the family way." Such a statement had no tendency to prove the crime of incest.

2. ———: ———: PREJUDICE OF WITNESS. It is always competent to show that a witness has a bias against or hostile feelings toward a party to the suit. And it is proper to lay the foundation for such a showing by cross-examination.

3. ———: ———: HEARSAY. To permit a witness to testify that the father of the defendant told him that this way he and his half-sister had of "lying around until after dark had to be stopped" is inadmissible because rank hearsay.

*Appeal from Pulaski Circuit Court.*—HON. L. B. WOODSIDE, Judge.

REVERSED AND REMANDED.

*Jos. J. Crites* and *E. Y. Mitchell* for appellant.

(1) The court erred in permitting witness James Buckner to testify to alleged declarations of Chas. Pruett (the father of defendant) for the reason the same was hearsay and not made under the oath of Chas. Pruett. *Dunn v. Altman*, 50 Mo. App. 231; *Dunlap v. Elks Club*, 25 Mo. App. 181; *State v. Grate*, 105 Mo. 121; *State v. Rider*, 90 Mo. 54. (2) Evidence that the defendant remained silent while being charged with a crime is not admissible on trial. *State v. Murry*, 126 Mo. 611.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

The record does not disclose illegal or improper evidence introduced by the State over defendant's objection, nor does it disclose the fact that proper and legal evidence was asked by defendant and refused by the court.

SHERWOOD, J.—Crime, incest. Indictment, usual form. Venue, Pulaski county. Trial, with evidence pro and con. Punishment, two years in the penitentiary. These are the salient features of this salacious record.

1. Evidence was admitted on behalf of the State showing that in June, 1894, Hugh Crisman saw defendant and his half-sister, Laura Pruett, on the bed in their father's house, and in such a position that indicated that they were indulging in sexual intercourse. After this the witness was allowed to testify over the objections of defendant that subsequent to the time that he saw Laura Pruett on the bed with defendant, that is, along the latter part of June or

July, she appeared to be "in the family way." This testimony was erroneously admitted. If *immediately* after the parties were seen on the bed together, Laura had been cast into prison and placed "*incommunicado*" with a *woman* for a jailer, the evidence might have possessed somewhat more of probative force against defendant, but in the circumstances stated none whatever. To admit such testimony aforesaid would be to ignore the various opportunities which might present themselves to others than defendant even in a remote rural district for accomplishing such a result as is said to have become obvious in the present case.

2. Error also occurred in refusing defendant permission to ask Crisman whether he had not "threatened to kill defendant or run him off the place." This question was clearly competent since it is always competent to show by such an interrogatory that the witness has a bias against or hostile feeling toward a party litigant, and if the witness deny such feeling, etc., he may be contradicted, because it is always important and all important to show that the witness does not stand indifferent between the contending parties. Whart. Crim. Ev. [9 Ed.], secs. 485, 376; 3 Rice Ev., p. 342; Roscoe's Dig. Crim. Ev. [11 Ed.], p. 97; 1 Greenl. Ev. [14 Ed.], sec. 450.

A similar question to that asked Crisman was asked Lyman Rigby in reference to his having "told defendant that he (Rigby) killed defendant's hogs." This question was calculated to develop what were the feelings which Rigby entertained toward defendant and should have been answered for reasons already given.

3. Finally, error occurred in permitting the State, despite objection of defendant, to introduce evidence of the acts and words of Charles Pruett, the father of the indicted parties, to wit, that on one

occasion defendant and Laura were away until after dark and their absence "made the old man mad because she wasn't there to get supper and he rared around," and on their coming in " told them this way of laying out until dark had to be stopped." These acts and declarations of the father were hearsay pure and simple.

We hold that errors such as we have noted should cause a reversal of the judgment and remanding of the cause, and it is so ordered.    All concur.