## MAUD E. WITTY, Respondent, v. SPRINGFIELD TRACTION COMPANY, Appellant.

### Springfield Court of Appeals, February 6, 1911.

1. **EVIDENCE: Damages.** Where it had been agreed that a suit against a street railway company for damages for personal injuries should abide the decision of the Court of Appeals in a similar case pending in the appellate court on the question of the company's liability, it was not error to read such stipulation and the mandate of the appellate court to the jury, where neither showed the amount of the judgment in the case decided by the Court of Appeals, and the only question before the jury being the amount of damages plaintiff was entitled to recover.

2. ———: **Expert Testimony: Hypothetical Questions: Personal Injuries.** A hypothetical question propounded to a physician, testifying as an expert, submitted the inquiry of the effect upon a woman passenger resulting from being thrown out of a seat in a street car with force and violence, alighting upon the floor and striking the lower end of her spine. *Held* proper and not subject to the objections that it was not based upon the facts proven, nor sufficiently broad so that an opinion could be predicated upon it.

3. ———: **Expert Evidence: Personal Injuries.** A physician may testify as to the probable results of a described injury or may detail the causes which might produce a certain described condition.

4. **WITNESES: Expert Witness: Evidence Tending to Discredit.** It is proper, on cross-examination, to show that defendant's expert witness, a physician, has been for a long time sustaining to other corporations or parties a relation similar to the one he sustained toward defendant at the time of his testimony.

5. **DAMAGES: Personal Injuries: Verdict Not Excessive.** A verdict for $1500 was *held* not excessive where it awarded to plaintiff, a woman, who sustained injuries while a passenger on a street car, which resulted in slight paralysis of the bowels and injury to the stomach, so that she could not properly digest her food, and also caused constant pain and a nervous condition.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*Delaney & Delaney* for appellant.

*Leonard Walker* and *Frank B. Williams* for respondent.

(1) When the judgment is manifestly for the right party it will not be reversed. R. S. 1899, sec. 865; R. S. 1909, sec. 2082; Orth v. Dorschlein, 32 Mo. 366; Hunter v. Miller, 36 Mo. 143; Miller v. Newman, 41 Mo. 509; Nelson v. Foster, 66 Mo. 381; Fairbanks v. Long, 91 Mo. 628; Fitzgerald v. Barker, 96 Mo. 661; Bushey v. Glen, 107 Mo. 331; Henry v. Railway Co., 113 Mo. 525;

Burns v. Liberty, 131 Mo. 372. (2) If there is conflicting evidence in an action at law and the issues are correctly submitted, the verdict ends the controversy. Goye v. Kansas City, 75 Mo. 672; Price v. Chamberlain, 82 Mo. 618; State v. Hart, 89 Mo. 590; Eswin v. Railway, 96 Mo. 290; Donovan v. Ryan, 35 Mo. App. 160; Williams v. Railway, 109 Mo. 470; Burnstein v. Railway, 56 Mo. App. 45; Funnell v. Gooch, 59 Mo. App. 309. (3) A judgment at law will not be reversed unless the record shows that the trial court was called upon to decide some question of law and that its decision thereon is wrong. VonPul v. St. Louis, 9 Mo. 49; Vaughn v. Bank, 9 Mo. 379; Clark v. Stevens, 10 Mo. 510; Clamorgan v. Railway, 3 Mo. App. 574. (4) The hypothetical question propounded to the witness, Dr. Ruyle, was properly framed and was based on facts within the confines of the evidence. Riley v. Sparks, 52 Mo. App. 572; Benjamin v. Railway, 50 Mo. App. 602; Holloway v. Kansas City, 184 Mo. 19. (5) It was competent to show that appellant's witness had, from the beginning of his professional career, been employed or connected with concerns whether corporations or not, having many personal injuries cases. Czezwzka v. Railway, 121 Mo. 201.; State v. Prewitt, 144 Mo. 92.

COX, J.—Action for damages for an injury resulting to plaintiff from a collision of defendant's street car with an iron electric tower in the center of the square in the city of Springfield. As a result of this collision plaintiff alleges that she was thrown from her seat and was seriously injured, having received a serious blow in the back, another in the region of the abdomen, another in the region of the lower end of the spine, as a result of which she had become impaired in health, her nervous system was shocked, and she had become an invalid and would remain so during her life. Trial by jury and verdict for plaintiff for fifteen hundred dollars, and defendant has appealed.

This is a companion case to the case of Wolven v. Springfield Traction Co., 143 Mo. App. 643, and after the trial of the Wolven case the attorneys in this case filed a stipulation that this case should abide the decision in the Wolven case which had been appealed and if the judgment in that case should be affirmed, then the only question that should be tried in this case would be the question of damages. The Wolven case was affirmed, and thereafter this case was called for trial, and at the trial this stipulation and also the mandate of the Court of Appeals showing the affirmance of the judgment in the Wolven case were offered in evidence over defendant's objection, and this is now assigned as error. It is contended that the reading of this stipulation and the mandate to the jury were prejudicial to defendant. We are unable to see how this could be so for defendant had already agreed that if the Wolven case was affirmed it would concede its liability in this case, and would try only the question of damages. Neither the stipulation nor the mandate read to the jury showed the amount of the judgment in the Wolven case, and it could not, therefore, prejudice the jury against the defendant on the question of the amount of damages which it should be required to pay the plaintiff in this case.

Dr. Ruyle had testified on behalf of plaintiff, and was asked the following question: "Doctor, a person thrown out of a seat in a street car with some force and violence, alighting on the lower end of the spine and striking that, or the buttocks against the floor of the car—A woman, a female person—what would be the effect upon a person so thrown out of the seat?" Objection was made to this question upon the ground that it assumes and places witness in both the roles of physician in waiting and expert at the same time, and because the question is not based upon the facts proved, the basis is not sufficiently broad upon which to predi-

cate an opinion. There is nothing in this question to show that to answer it the physician would be required to base this answer upon information secured while attending the patient and to commingle that with his judgment as an expert. Neither is the objection that it was not based upon the facts proven well taken for the plaintiff had previously testified that she had' been thrown from the seat as indicated by the question. The latter part of the objection that the basis is not sufficiently broad upon which to predicate an opinion is not well taken. The plaintiff had described the manner of her fall, and had also stated that she had been in good health prior to the time of the injury; that she had suffered constantly since the injury and had been unable to defecate properly, being compelled to remove the fecal matter mechanically, and in answering the question, the doctor had stated that if the blows were severe they might produce concussion of the brain, a shake-up of the nervous system, possible paralysis of the lower parts, and might cause paralysis of the rectum and paralyze the sphincter muscle so as to destroy the power to expel the fecal matter. We see no objection to the question or its answer. A physician may testify as to the probable results of a described injury, or may detail the causes which might produce certain described conditions. [Holloway v. Kansas City, 184 Mo. 19, 39, 82, S. W. 89.]

Contention is also made by appellant that witnesses for plaintiff were allowed to detail her conversations and conduct long after the injury, and under circumstances which show that they could not have been part of the *res gestae,* or the natural expressions resulting from pain. A careful reading of the testimony fails to show that any testimony of this character was admitted over defendant's objection; hence, there could be no error in this respect.

Doctor Smith had testified as a witness on behalf of defendant, and on cross-examination, plaintiff's counsel was permitted to ask him if he had not occupied a similar relation to the Central Coal and Coke Company at Macon, Missouri, that he now occupied to the defendant, and defendant assigns the admission of this testimony on cross-examination as error. For the purpose of affecting the credibility of a witness it is always competent to show the feeling of the witness for or against a party litigant and his bias or prejudice if such there be. [State v. Darling, 202 Mo. 150, 100 S. W. 631; Czezewzka v. Railway, 121 Mo. 201, 25 S. W. 911; State v. Pruett, 144 Mo. 92, 45 S. W. 1114.] In this case the testimony of Dr. Smith was to some extent in conflict with that of Dr. Ruyle, who had testified on behalf of plaintiff, and we can see no reason why on cross-examination it was not permissible to show that Dr. Smith had been, for a long time, sustaining to other corporations or parties a relation similar to the relation he now sustains to defendant; especially should this be true where, as in this case, there is some conflict in the testimony of expert witnesses whose testimony is largely an expression of opinion, for it is common knowledge that any person is liable to be affected —often unconsciously—in his judgment by his personal interest, and the relation which he may sustain to the parties, and the fact that he may have sustained a similar relation to other parties and the time of its duration may very properly be considered for the same reason.

Contention is also made that the court erred in refusing certain instructions asked by the defendant. These instructions were for the purpose of withdrawing from the jury the consideration of the testimony elicited from Dr. Smith on cross-examination as to his former employment by another corporation, but what we have said in relation to the admission of that testimony disposes of the objection to these instructions.

It. is finally contended that the damages assessed are excessive. We have gone carefully over the testimony with a view of ascertaining whether there is any force in this position. The evidence on the part of plaintiff shows that she was severely injured; that she had been in good health previous to the accident, and had had no trouble in digesting her food or in the movement of her bowels; that she had done her own house work, and was generally in good health; that since the accident she had constantly suffered pain, and as a result of the injury to the stomach she was unable to properly digest food, and by reason of the injury to the lower end of the spine, resulting in paralysis of the rectum, the fecal matter had since been required to be removed mechanically; that she had suffered pain constantly from the time of the injury and was still suffering; was nervous, and the evidence would also warrant the jury in finding that this condition was likely to continue indefinitely, and if the jury believed this testimony, we cannot say that the amount of the verdict—fifteen hundred dollars—was excessive. The judgment will be affirmed. All concur.