## C. M. Williams, Appellant, v. J. A. McKeene, Administrator, Appellee.

1. MARRIAGE, § 4*—*marriage of man and daughter of half sister.* A marriage between a man and the daughter of his half sister is within the prohibition of section 1 of chapter 89 of the statutes (J. & A. ¶ 7345) of marriages between uncles and nieces.

2. MARRIAGE, § 17*—*when validity of marriage may be attacked in probate proceeding.* Since a marriage between a man and the daughter of his half sister is forbidden by section 1 of chapter 89 of the statutes (J. & A. ¶ 7345) and is therefore void, its validity may be questioned in a proceeding to obtain administration on his estate.

Appeal from the Circuit Court of Scott county; the Hon. NORMAN L. JONES, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded with directions. Opinion filed April 16, 1915.

J. M. RIGGS and T. J. PRIEST, for appellant.

JOHN A. MCKEENE, *pro se.*

MR. JUSTICE THOMPSON delivered the opinion of the court.

A petition was filed in the County Court of Scott county by Laura J. Williams, alleging that she was the widow of A. J. Williams, deceased, waiving her right to administer on the estate of the deceased, and nominating J. A. McKeene as administrator. The court made an order appointing McKeene administrator. On the same day but subsequent to the entering of the order appointing McKeene administrator, C. M. Williams filed a petition alleging that A. J. Williams died intestate leaving no widow and leaving six children, of whom petitioner is one, surviving him. The petition of C. M. Williams also alleges that Laura J. Williams is not the widow of the deceased because she was his

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

niece by consanguinity. This petition prayed that the order appointing McKeene administrator be set aside and that petitioner be appointed. The County Court denied the prayer of the last petition and dismissed it. An appeal was taken to the Circuit Court, where the court held that Laura J. Williams was the widow of A. J. Williams, denied the prayer of the petition of C. M. Williams and dismissed it. The petitioner Williams prosecutes this appeal from the order of the Circuit Court.

On the hearing in the Circuit Court it was stipulated that A. J. Williams and Laura J. Duncan prior to March 7, 1896, were residents of Illinois, living in the same house in Glasgow, Scott county; that Laura J. Williams is a daughter of a half sister of said A. J. Williams; that about March 7, 1896, they went to Texas for the sole purpose of getting married; that they procured a license to marry and a marriage ceremony was performed for them in Texas by a minister of the Gospel, authorized to celebrate the marriage rite, and that they immediately returned to Glasgow, Illinois where they lived together as man and wife until A. J. Williams died, October 14, 1912; that no children were born to Laura J. Williams and A. J. Williams and that A. J. Williams left C. M. Williams and other children surviving him, his children by a former wife who died before the Texas marriage. Appellant also introduced in evidence sections 329, 330 and 331 of the statutes of Texas, entitled, "Incest."

Section 329 provides: "All persons who are forbidden to marry by the succeeding articles, who shall intermarry or carnally know each other shall be punished by imprisonment in the penitentiary."

Section 330 provides: "No man shall marry * * * the daughter of his half brother or sister * * *."

Section 331 provides: "No woman shall marry * * * her father's brother or half brother, her mother's brother or half brother * * *."

Appellee introduced in evidence section 2838 of the Texas statutes which authorizes regularly ordained ministers of the Gospel to celebrate the rite of marriage.

Section 1 of chapter 89 of the statutes of Illinois (J. & A. ¶ 7345) provides: ''That hereafter marriages between parents and children, including grandparents and grandchildren of every degree, between brothers and sisters of the half, as well as of the whole blood, between uncles and nieces, aunts and nephews, and between cousins of the first degree, are declared to be incestuous and void.''

The contentions of appellee are that under the statute of Illinois a marriage between an uncle and a niece of the half blood, a daughter of a half sister, is not prohibited and that they did not leave Illinois to evade the law of Illinois and for the purpose of going to Texas to have an illegal ceremony performed, in a State where such a marriage is declared to be incestuous, and that the validity of the marriage cannot be determined in a proceeding to appoint an administrator of the estate of the deceased.

The statute of Texas clearly forbids the marriage of a man with a daughter of his half sister. Laura J. Duncan was the daughter of a half sister of A. J. Williams. The law of Illinois declares that marriages between uncles and nieces are incestuous and void. A man's niece is the daughter of his sister, and a ''sister,'' in so far as the term relates to a human being, is defined by Webster in his dictionary to be, ''a female person considered in the relation to another person * * * having the same parents (whole sister) or one parent (half sister).'' The State of Louisiana has a statutory provision in relation to marriage literally identical with the statutes of Illinois, prohibiting marriages between ''uncle and niece.'' On the prosecution of a man in Louisiana for having incestuous relations

with a daughter of his half brother, the defendant was found guilty and the conviction was affirmed by the Supreme Court of that State. *State v. Guiton*, 51 La. Ann. 155. The same rule was held in *State v. Wyman*, 59 Vt. 527; *State v. Reedy*, 44 Kan. 190; *State v. Pruett*, 144 Mo. 92; *Simon v. State*, 31 Tex. Cr. App. 186; *People v. Jenness*, 5 Mich. 306; *Shelly v. State*, 95 Tenn. 152.

The statute of Illinois, title "Descent," sec. 1, par. 5 (J. & A. ¶ 4202) provides that property "shall descend in equal parts to the next of kin to the intestate in equal degree (computing by the rules of the civil law), and there shall be no representation among collaterals, except with the descendants of brothers and sisters of the intestate; and in no case shall there be any distinction between the kindred of the whole and the half blood." Thus the rule of the civil law is recognized in Illinois in arriving at the degrees of blood relations. The statute of Henry VIII, ch. 38, provided: "All persons be lawful to contract marriage, that be not prohibited by God's law to marry, and no reservation or prohibition (God's law except) shall trouble or impeach any marriage without the Levitical degrees." Chapter 28 of the statutes of Illinois (J. & A. ¶ 2222) adopts the common-law of England and all statutes of the British Parliament in aid thereof prior to the fourth year of James I, except certain excepted chapters, among which 38 of Henry VIII is not included, so that it would appear that the present statutes of Illinois concerning marriage are simply declaratory of the common law with the addition thereto that marriages contrary to the provisions thereof are declared to be void.

Marriages made within the prohibited degrees were formerly held to be voidable only and they could be attacked only during the lifetime of the parties, but the tendency in the United States is to hold them absolute-

ly void, and the statute of Illinois declares such marriages void.

In *Bonham v. Badgley,* 7 Ill. (2 Gilm.) 622, it was held that marriages within the Levitical degrees were not void but only voidable. That case was decided before there was a statute in this State declaring such marriages void, and is not authority under the present statute.

In *Wilson v. Cook,* 256 Ill. 460, in a proceeding to sell land of a deceased person to pay debts, where the parties had been married in another State in violation of the statute of Illinois, prohibiting the marriage of a divorced person within one year, it was held that the survivor was not entitled to dower and homestead in the premises of the supposed deceased wife for the reason that the marriage was void under the statute. The statute declaring marriages between uncles and nieces to be void is a declaration of the public policy of the State in the interest of the welfare and morals of the people of the State. *Lanham v. Lanham,* 136 Wis. 360; *Nehring v. Nehring,* 164 Ill. App. 527. A void contract is one which has no legal effect. It is, in effect, not a contract and does not alter the relations previously existing between the contracting parties, nor will it serve as the foundation of any right. *Allen v. Davenport,* 65 C. C. A. 641, 132 Fed. 209; 40 Cyc. 214; 29 Am. & Eng. Encyc. of Law, 1065. The marriage of Laura J. Duncan and A. J. Williams was forbidden by the statutes of both Texas and Illinois and is void. A direct proceeding to have it declared void was unnecessary, since it is declared void by the statute. It could be questioned in any proceeding whenever anything was claimed under it. *Wilson v. Cook, supra.* The order of the Circuit Court is reversed and the cause remanded with directions to the Circuit Court to set aside and vacate the order appointing appellee administrator and to appoint appellant administrator upon

his filing a good and sufficient bond and taking the necessary oath.

*Reversed and remanded with directions.*