Paul v. Paul, 201 Ill. App. 595.

# William George Paul, Appellant, v. Josephine Paul, Appellee.

## Gen. No. 22,299.

1. DIVORCE, § 87*—*when temporary alimony cannot be decreed.* On a bill for divorce, the court is without jurisdiction to decree temporary alimony to the wife until the marriage is established.

2. DIVORCE, § 135*—*when counsel fees not allowable.* On a bill for divorce, counsel fees cannot be allowed until the marriage is established.

3. DIVORCE, § 52*—*when bill sufficient admission of marriage.* Where in a bill against a wife for divorce complainant averred the marriage, and where in her answer defendant admitted the marriage, *held* that the fact thus averred and admitted warranted the chancellor in finding that the marriage relation existed between the parties, although in his answer to a cross-bill by the wife for separate maintenance the complainant denied the marriage, since a fact averred and admitted needs no further proof, and since a court of chancery, as a court of conscience, will not permit a party to deny facts averred under oath, in order to escape a legal obligation arising from such averment.

4. DIVORCE—*when complainant estopped to deny marriage.* A complainant who in his sworn bill for divorce avers the marriage, is estopped from denying the truth of such averment on a motion for alimony *pendente lite.*

5. DIVORCE—*when complainant estopped to deny marriage.* A complainant, who in his sworn bill for divorce avers the marriage, is estopped from denying the truth of such averment on a motion for solicitors' fees.

6. DIVORCE, § 33*—*when evidence inadmissible to prove marriage.* Where complainant in a bill for divorce avers the marriage under oath and such fact is admitted by the answer, no evidence is competent either to rebut or maintain such averment.

Appeal from the Circuit Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed October 30, 1916. Rehearing denied November 13, 1916.

RYAN & LEWIS, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

HARRY J. MEACHER and PAUL J. HUXMANN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Appellant filed his bill for divorce from appellee, alleging a marriage between them on the 19th of December, 1907, also cohabitation from the time of the marriage until the 4th of December, 1915, and the birth of a son, George Louis Paul, as the fruit of said marriage, of the age of seven years at the time the bill was filed. Appellant in the bill charged his wife with adultery and prayed for a divorce. Defendant answered, admitting the marriage and the birth of the son George, but denying the adultery charged. Appellee then filed her cross-bill, averring the marriage, the cohabitation, the birth of George, and charging the defendant with being guilty of extreme and repeated cruelty towards her and also with adultery and drunkenness. In this cross-bill she prayed for a divorce, the custody of the son born of the marriage, and for alimony both *pendente lite* and permanent. On motion of appellee the court entered an order that appellant pay appellee six dollars a week alimony and twenty-five dollars for solicitor's fees *pendente lite*. From that order appellant prosecutes this appeal.

The bill of appellant and his answer to the cross-bill are both verified by appellant's oath. In his answer to appellee's cross-bill appellant denies the marriage, although admitting the cohabitation and the birth of the child as the result thereof. Appellant now contends that as the marriage between himself and his wife is disputed, the order for alimony and solicitor's fees is erroneous and that no such order can be entered until it is judicially determined that the marriage relation existed between the parties. It is quite true that until the marriage is established the court is without

jurisdiction to decree alimony or solicitor's fees to the wife. *McKenna v. McKenna,* 70 Ill. App. 340.

The sworn bill of appellant averring the marriage, the answer of appellee admitting such marriage, the cross-bill of appellee again averring the marriage, were, we think, sufficient proof to warrant the chancellor in holding that the relation of husband and wife between the parties was proven. A fact averred by a complainant and admitted by the defendant needs no further proof. Furthermore, a court of chancery is a court of conscience, and it is not the policy of equity jurisprudence to allow a party to sear his conscience by denying facts averred under oath, in order to escape a financial obligation which arises in law from such averment. The oath of appellant to his bill averring a marriage with particularity, and his denial of such marriage in his sworn answer to his wife's cross-bill, savor of perjury.

Appellant is estopped by the averments of his sworn bill averring the marriage from denying the truth of such averment on a motion for solicitor's fees and alimony *pendente lite.* While appellant's bill averring the marriage and appellee's answer admitting such marriage remain in the record, no proof is admissible either to maintain or rebut such averment.

The order of the Circuit Court appealed from is affirmed.

*Affirmed.*