Arado v. Arado, 205 Ill. App. 261.

## Elizabeth Arado, Plaintiff in Error, v. David Arado, Defendant in Error.

### Gen. No. 22,263.

1. MARRIAGE—*when doctrine of estoppel inapplicable to uphold marriage.* In divorce proceedings where the parties were first cousins and the marriage was ceremonial and the parties had lived together as husband and wife for many years, and children had been born who were still living, and the bill was dismissed for want of equity and a decree annulling the marriage entered, *held* that the doctrine of estoppel could not be invoked to uphold a relationship which the statute expressly condemned and declared void.

2. MARRIAGE, § 4*—*when marriage between first cousins is void.* A marriage between first cousins in violation of section 1 of the Marriage Act, ch. 89, Hurd's Rev. St. (J. & A. ¶ 7345), declaring. such marriages to be incestuous and void, is not only voidable but void.

3. MARRIAGE, § 4*—*when between first cousins not declared to be valid.* Where a marriage between first cousins was annulled and it was contended that such marriages were only voidable and not void, *held* that as such marriages had been declared incestuous and void by section 1 of the Marriage Act (J. & A. ¶ 7345), and as the crime of incest was made a felony by section 157 of the Criminal Code, ch. 38, Hurd's Rev. St. (J. & A. ¶ 3775), that to declare valid a marriage, the consummation of which was made a felony, would be unreasonable and would be against the express public policy of the State.

4. MARRIAGE—*when fact that performance of is by minister of church of parties is immaterial.* Where a marriage between first cousins was annulled as in violation of section 1 of the Marriage Act (J. & A. ¶ 7345), and it was contended that because such marriage was sanctioned by the church of which the parties were members, and as the marriage was performed by a minister of that church, it should be upheld under section 5 of the Marriage Act (J. & A. ¶ 7349), providing that persons belonging to any religious church, etc., might celebrate their marriage according to the rules and principles of such church, *held* that such section referred only to the *celebration* of marriages, and presupposed that the parties thereto would not come within the inhibitions of said section 1.

5. DIVORCE, § 135*—*when alimony and solicitor's fees properly disallowed.* Alimony and solicitor's fees *held* properly disallowed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

where the bill for divorce was dismissed and the marriage annulled on the ground that the parties were first cousins, and the alleged marriage was thus void in its inception.

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed April 10, 1917.

KING, BROWER & HURLBUT, for plaintiff in error.

CHARLES P. MOLTHROP, for defendant in error.

MR. JUSTICE McDÒNALD delivered the opinion of the court.

This writ of error brings up for review a proceeding wherein plaintiff in error's bill for divorce was dismissed for want of equity and a decree annulling the marriage between the parties was entered on defendant's cross-bill.

The pleadings admitted that the complainant, Elizabeth Arado, and the defendant, David Arado, entered into a ceremonial marriage on October 4, 1894, and for many years thereafter lived together and cohabited as man and wife; that, as the fruits of the said marriage, two children were born to them, both of whom are still living; that complainant and defendant were cousins of the first degree.

Section 1 of our Marriage Act, ch. 89, Hurd's Rev. St. of Illinois (J. & A. ¶ 7345), is as follows:

"That hereafter marriages between * * * cousins of the first degree, are declared to be incestuous and void."

It is insisted by complainant that notwithstanding the aforesaid provision of the statute declaring marriages between cousins of the first degree to be incestuous and void, such marriages are in fact only voidable.

The Legislature, in the interest of morality and for the protection of society, has declared such marriages

to be incestuous and void, and in so doing has by statute clearly expressed the public policy of this State with respect thereto. By section 157 of our Criminal Code, ch. 38, Hurd's Rev. St. of Illinois (J. & A. ¶ 3775), the crime of incest is made a felony, punishable by imprisonment in the penitentiary. It is difficult to conceive of a marriage having any validity, the consummation of which is made a felony. And to so hold would be to do violence to reason and to utterly disregard the express public policy of the State. *Williams v. McKeene,* 193 Ill. App. 615; *In re Wittick's Estate,* 164 Iowa 485, 145 N. W. 913; *Wilson v. Cook,* 256 Ill. 463.

Complainant also invokes the doctrine of estoppel to preclude defendant from assailing the validity of the marriage. Such doctrine cannot be invoked to uphold a relationship which the statute expressly condemns and declares void. Furthermore, where both parties are *particeps criminis,* as in the case at bar, the doctrine can have no application.

It is also contended that marriages between cousins of the first degree are sanctioned by the church of which the parties hereto were members, and that inasmuch as the marriage ceremony was performed by a minister of that church, it should be upheld under section 5 of our Marriage Act (J. & A. ¶ 7347), which provides that "All persons belonging to any religious society, church or denomination, may celebrate their marriage according to the rules and principles of such religious society, church or denomination." It is a sufficient answer thereto to state that this section refers only to the *celebration* of marriages, and presupposes that the parties thereto do not come within the inhibitions of section 1, *supra.*

It is finally urged that the court erred in refusing to allow complainant alimony and solicitor's fees.

The allowance of alimony and solicitor's fees con-

templates, as a basis therefor, a valid or at least a voidable marriage contract; and it appearing from the pleadings that the alleged marriage contract in question was void in its inception, the relation of husband and wife never existed between the parties hereto, and hence the court properly refused to make such allowance to the complainant. *McKenna v. McKenna,* 70 Ill. App. 340.

Finding no reversible error, the decree will be affirmed.

*Affirmed.*