Jessie A. Pickell, Appellee, v. James Ralph Pickell, Appellant.

Gen. No. 8,126.

Heard in this court at the October term, 1929. Opinion filed April 12, 1930. Rehearing denied June 24, 1930.

JAMES C. O'BRIEN, for appellant.

WEIGHTSTILL WOODS, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

This is an appeal from an order of the circuit court of DuPage county directing James Ralph Pickell, appellant, to pay to Jessie A. Pickell, appellee, the sum of $500 for temporary costs and solicitor's fees.

It appears appellant and appellee were married on January 1, 1913, and for approximately 13 years thereafter lived together as husband and wife. Seven children were born as a result of the marriage, and until the fall of 1924, appellant and appellee and the seven children lived together at Western Springs, Illinois. In 1924 appellant, with his family, moved to the State of Florida, where he purchased a home, took up his residence and lived and carried on his business.

On April 18, 1927, appellant, in the circuit court of Hillsborough county, Florida, filed his bill of complaint for divorce against appellee, charging her with desertion. Appellee entered her appearance in said cause and filed an answer to the bill of complaint. The Florida court, upon a hearing of the merits of the case, entered a decree for divorce, whereby appellant and appellee were divorced, and certain provisions made for the support and maintenance of appellee and the children.

The decree in the Florida court was entered of record on July 12, 1927. The appellant, pursuant to the decree, conveyed to appellee certain real estate mentioned in said decree and paid to her certain sums of money for support, besides paying the incumbrances on the property as the same matured.

On December 28, 1928, appellee filed in the circuit court of DuPage county, Illinois, her bill of complaint for a divorce from appellant, charging desertion. Summons was issued but appellant was not served, and alias summons was ordered issued. The appellant was served with an alias summons, which was returnable to the June Term, 1929, of the circuit court of DuPage county.

In the interval between the issuing of the original summons and the alias summons, appellee filed a supplemental bill of complaint, making certain parties with whom appellant was known to have business relations, and also the present wife of the appellant, defendants. Pursuant to the prayer of the supplemental bill, writs of injunction were issued which restrained and enjoined the various defendants from giving or paying to the appellant any funds or personal property.

On April 29, 1929, the appellant appeared and moved that the injunction be dissolved. The record does not show that the motion was passed upon. Appellant insists the motion was modified upon condition that he pay to appellee $750, which he paid.

On May 6, 1929, appellee filed her petition for suit money, temporary alimony and solicitor's fees, and a rule was entered on the appellant to answer the same within 15 days. On May 15, 1929, appellant filed his appearance and a plea in bar of the bill of complaint.

Appellant, by his plea, set up the Florida proceeding and also the fact that the appellee had acted upon same and had conveyed certain property subsequent to the

entry of the Florida decree. The plea of the appellant was sworn to by him.

On May 21, 1929, the appellant filed his answer to the petition for suit money, temporary alimony and temporary solicitor's fees, in which answer appellant set up the final decree of the Florida court, and stated that he had filed a verified plea to the bill of complaint of the appellee, and denied that appellee was entitled to any relief, which she prayed for in her petition, and also denied that appellant was responsible for hiring a solicitor for appellee.

On June 10, 1929, the matter came up for hearing before the court. No sworn testimony was offered and none was heard. After some informal talk between the solicitors and the court, the court entered an order directing the appellant to pay to the appellee the sum of $500 for her temporary costs and solicitor's fees. From that order the appellant appealed the case to this court for review.

The errors relied upon for a reversal of the order are: 1, that at the time of the filing of the bill of complaint and the entry of the order for temporary costs and solicitor's fees, the parties had been legally divorced by a valid decree of a court of competent jurisdiction. 2, that at the time of the entry of the order appellee was not the wife of appellant. 3, that there was no testimony offered showing that appellee was entitled to temporary costs and solicitor's fees, or that the appellant was able to pay same.

One of the questions therefor, arising upon this record is as to whether or not the chancellor was warranted in entering an order requiring payment of temporary solicitor's fees, when a plea had been filed setting forth the record of the divorce proceedings, which was apparently regular on its face, and if regular, dissolved said marriage relation between appellee and appellant. *Hazard v. Hazard*, 197 Ill. App. 612,

was a proceeding in which William Hazard filed in the circuit court of Cook county a bill for divorce against Florence M. Hazard, his wife, charging her with desertion. Service was had by publication. The cause was heard and a decree was entered dissolving the bonds of matrimony between complainant and the defendant in that suit. On December 8, 1914, the said Florence M. Hazard filed a bill of review in the circuit court, alleging that William Hazard died February 3, 1914, and making the administrator of his estate, defendant. The court entered an order directing that the defendant, as administrator of the estate of William Hazard, pay complainant $50 per month as alimony *pendente lite* and $75 on account of her solicitor's fees. The administrator appealed the case to the Appellate Court, and relied upon two grounds for reversal of the judgment of the circuit court. First, that the marriage relation had been dissolved by a decree of divorce, granted to the husband, and therefore the former wife could not be awarded alimony *pendente lite;* and second, that the marital relation, if not dissolved by the decree of divorce, was dissolved by the death of the husband, and at his death the wife's right to alimony ceased. In the decision of the case at page 614, the court said ''The right to alimony depends on the existence of a valid marital relation between complainant and defendant.'' (Citing *McKenna v. McKenna,* 70 Ill. App. 340, 344, and *Lennahan v. O'Keefe,* 107 Ill. 620.)

In *McKenna v. McKenna, supra,* at pages 343 and 344, the court used the following language: ''An order to pay temporary alimony or solicitor's fees must be based upon a finding that the party so commanded to pay is the husband of the complainant. If such condition be admitted or not denied, it may, for the purpose of the order, be assumed.

''In the view of the writer of this opinion, when the existence of the alleged marriage is denied, no such

order can properly be made until a hearing has been had and the court upon it finds and adjudges that the relation of wife and husband exists.

"If, before hearing and without regard to the denials of the defendant, an order to pay temporary alimony and solicitor's fees can be made upon the mere filing of a bill alleging marriage of the complainant to the defendant, cause for divorce or separate maintenance, and ability of the defendant to pay, then an easy method for procuring the temporary support of unmarried women and good fees for the bar has been found.

"Upon disputed questions of fact to compel one to pay without a hearing, is to deprive him of property without due process of law, for due process of law involves a hearing upon the allegations and denials of the parties, . . . while if there be no marriage there cannot be obligation to support or to furnish funds to enable the complainant to prosecute lawsuits."

If the marital relation has been dissolved by a decree of divorce, the former wife cannot maintain a suit for alimony. *Chapman v. Parsons,* 66 W. Va. 307.

In *Lake v. Lake,* 194 N. Y. 179 it was said, page 185: "An order for solicitor's fees must primarily rest upon the existence of the relation of husband and wife. Unless that relation is sustained by the parties, there is no basis for the order. Even in an action brought by the wife to annul a marriage upon a cause which goes to the legality of the marriage originally, the allegations of the wife will be taken against her as true, and an allowance to her to maintain the action will be denied."

In *Wilson v. Wilson,* 49 Iowa 544, which was a proceeding to set aside and vacate a decree of divorce, it was held that there was no authority to order the payment of money to carry on the suit in the face of a decree of divorce which seems to be valid.

It therefore follows that in view of the state of the record, the court was not warranted in entering the order for temporary alimony.

The only other question that is necessary to be considered, arising upon this record, is whether there is sufficient showing as disclosed by the certificate of evidence, on which to base the decretal order sought to be reviewed. The court in the order recites a hearing on the evidence but does not make any finding of fact on which to base the order, and the certificate of evidence does not contain any statement of facts with reference to the financial responsibility of the appellant, or as to the basis for the allowance of solicitor's fees.

We conclude therefore that the court erred in entering the order in question, and for the reasons as above indicated, the decree of the circuit court of DuPage county is reversed and the cause remanded.

*Reversed and remanded.*