## STATE *v*. MILES A. WYMAN.

*Criminal Law. Incest.* R. L., ss. 2306, 2331, 4246.
*Degrees of Kindred. Civil Law.*

1. It is not necessary in an indictment charging incest to aver that the respondent had knowledge of the relationship existing between himself and the *particeps criminis*.

2. The word "brother" in the statute against incest includes a brother of the half-blood.

INDICTMENT charging the respondent with incest. The re-respondent demurred; the demurrer was overruled, and trial by jury, September Term, 1886, WALKER, J., presiding. Verdict, guilty.

The respondent also moved in arrest of judgment on the ground that the indictment was insufficient.

*Waterman & Martin*, for the respondent.

The indictment was insufficient, because it did not charge the respondent with knowledge of the relationship. *Rea* v. *Harrington*, 58 Vt. 181. A half-brother is not a *brother* within the meaning of the statute. 2 Bl. Com. 227.

*F. A. Bolles*, for the State.

The term *brother* applies to a brother of half-blood. Bish. Mar. & Div. (3d ed.) 218. Knowledge of the relationship need not be alleged. Bish. Stat. Cr. 797; *Commonwealth* v. *Goodhue*, 2 Met. 193.

The opinion of the court was delivered by

ROYCE, Ch. J. Two points only are urged in behalf of the respondent.

*First.* That the indictment is fatally defective in that it does

not charge the respondent with knowledge of the relationship existing between himself and the *particeps criminis* at the time of the commission of the crime charged.

The indictment is based upon R. L., sec. 4246, which provides that " persons between whom marriages are prohibited by section 2306 or section 2307, who intermarry, or who commit fornication with each other, shall be punished as in case of adultery." The indictment sufficiently charges that the respondent was related to the *particeps* within the degrees of consanguinity specified in sections 2306–7, and that he committed fornication with her. Fornication is only made a crime when committed by persons within certain degrees of consanguinity. It is, therefore, a statutory crime, purely, and its definition and the proceedings to punish persons charged with it are dependent upon the words of the statute itself. The statute is entirely silent as to any *scienter*. It does not say that a person who *knowingly* or *willfully* commits fornication with one related to him or her within the decrees of consanguinity which prohibit marriage, shall be punished, etc. To come within the statute, therefore, it was not necessary to allege knowledge of the relationship. Bish. Stat. Crimes (2d ed.), ss. 729, 732, 733.

*Second.* That the indictment is not sustained by proof that the respondent committed the offense with a daughter of his half-brother, it being claimed that the word " brother " in the statute is not broad enough to cover a brother of the half-blood. In support of this claim it is urged that at common law a brother of the half-blood is not a brother, and cannot inherit as such. It is true that by the common law a brother of the half-blood could not inherit; but this was a rule for the regulation of the descent of property, and had no broader scope. It did not undertake to affect the relations of brethren of the half-blood any further than to prescribe, for certain reasons having their origin in the ancient system of feudal tenures, that in the descent of the inheritance a brother of the half-blood should be left out. The common law rule, there-

State *v.* Wyman.

fore, would have no force in a case of this kind, but the generally understood significance of the word " brother," as used in the common affairs of life, and as defined by the lexicographers of recognized authority, should be adopted in the construction of the statute.

In the present case, however, all question is removed by R. L., sec. 2231, which provides that " the degrees of kindred shall be computed according to the rules of the civil law," and by these the half-blood are admitted in all respects equally with the whole blood. 2 Kent's Com. 422.

The respondent takes nothing by his exceptions.