THE STATE OF KANSAS V. DANIEL REEDY *et al.*

1. PRELIMINARY EXAMINATION, *Based on Warrant — Plea in Abatement, When Sustained.* The preliminary examination of a person charged with felony is based upon the warrant and not upon the original complaint; and to sustain a plea in abatement that the preliminary examination was had upon a charge other than as alleged in the information, there should be proof of the offense charged in the warrant, and that it was a different offense than is set forth in the information.

2. OFFENSE — *Formal Description — Incest — Sufficient Charge.* A formal and detailed description of the offense in the warrant upon which the preliminary examination is held is not necessary; and an examination upon a charge of incest, which is full and formal except that it does not state the exact relationship existing between the parties charged, but which does allege in the language of the statute that they are within the degrees of consanguinity within which marriages are by law declared to be incestuous and void, is sufficient to give the defendants reasonable notice of the nature and character of the charge made against them.

3. PROHIBITED MARRIAGE — *Incest.* Marriage between a man and the daughter of his half-brother is prohibited by the statute; and their lewd and lascivious cohabitation with each other is punishable as incest.

*Appeal from Norton District Court.*

THE case is stated in the opinion.

*J. R. Hamilton,* for appellant.

*L. B. Kellogg,* attorney general, and *L. H. Thompson,* for the State.

The opinion of the court was delivered by

JOHNSTON, J. : At the May term, 1889, of the district court of Norton county, Daniel Reedy and Catherine Baker were convicted of incestuous cohabitation, she being a daughter of his half-brother.   They appeal, and assign as error the overruling of a plea in abatement, which averred that they had not been granted a preliminary examination on the charge of which they were convicted.   The record shows that a preliminary

examination was held, and the appellants were recognized to appear at the next term of the district court for trial upon a charge of incest.   The warrant upon which the preliminary examination was held was not introduced in evidence to sustain the plea, and the evidence fails to show the allegations contained in the warrant.   The complaint was introduced in evidence, and a copy of the same is contained in the record, but the preliminary examination was had upon the warrant of arrest, and not upon the complaint; and hence the court cannot say that the charge contained in the information was not the one upon which the preliminary examination was had.   "The original complaint has spent its force when the order of arrest is issued, and the order of arrest is the foundation for the preliminary examination." (*Redmond v. The State*, 12 Kas. 172.)   If the original complaint was the basis of the examination, or if the warrant in this case charged the offense in the same language contained in the original complaint, the appellants' plea could not be sustained.   The charge in the complaint and information is substantially the same, except that the relationship existing between the parties is not as fully stated in the complaint as in the information.   In the complaint it is alleged that they are related within the degrees of consanguinity within which marriages are by law declared incestuous and void, and in the information the averment is added that Daniel Reedy was the brother by half blood to the father of Catherine Baker.   An averment of the exact relationship of the parties was essential in the information, and might well have been included in the complaint and warrant.   A specific, detailed and formal description of the offense, however, is not required in the preliminary papers upon which an examination is had.   All that is required in such cases is a general description of the offense, such as will afford a defendant reasonable notice of the character and nature of the crime with which he is charged.   Within the decisions already made, the charge as stated in the original complaint was sufficient notice to the defendants of the offense alleged against them. (*Redmond v. The State*, supra; *Jennings v. The State*, 13 Kas. 90; *The State v. Smith*, 13 id. 274; *The*

*State v. Spaulding,* 24 id. 4; *The State v. Bailey,* 32 id. 83; *The State v. Tennison,* 39 id. 726.) To properly present the question, however, the warrant should have been introduced in evidence and made a part of the record, as it is the basis of the preliminary examination, and may have contained as full a description of the offense as is set forth in the information. In the absence of the warrant, we must presume that it sufficiently described the offense.

The next contention is, that the information did not state a public offense, and that the motion to quash should have been sustained. The information charges that Daniel Reedy was the brother by half blood to the father of Catherine Baker, and it is claimed that they are not so closely allied in blood as to fall within the prohibition of the statute. In § 230 of the crimes act it is provided that "persons within the degrees of consanguinity within which marriages are by law declared incestuous and void who shall intermarry with each other, or who shall commit adultery or fornication with each other, or who shall lewdly and lasciviously cohabit with each other, shall upon conviction be punished by confinement and hard labor not exceeding seven years." In § 2 of the act in relation to marriage, it is provided that "all marriages between parents and children, including grandparents and grandchildren of any degree, and between brothers and sisters of the one-half as well as the whole blood, and between uncles and nieces, aunts and nephews, and first cousins, are declared to be incestuous and absolutely void."

Was Daniel Reedy an uncle of Catherine Baker within the meaning of the statute? An uncle is defined to be the brother of a father or mother, and according to the common understanding there is no distinction between the whole and half blood. (2 Bouvier's Law Dict.; title, *Nephew.*) In 1 Bishop on Marriage and Divorce, § 317, it is said: "The relationship by half blood is the same in these cases as by whole blood; so that, for example, it is incest for a man to marry the daughter of his brother of the half blood, or the daughter of his half-sister." See also *The State v. Wyman,* 59 Vt. 529, where

it was held that a charge of incest was made out by proof of fornication between the defendant and the daughter of his half-brother. The language employed by the legislature is to be interpreted according to its common meaning, and when the terms "uncle" and "niece" are viewed in that light they will include the half-brother of the father and the daughter of a brother of the half blood. They are more closely allied in blood than some of those who are specifically mentioned in the statute as being within the forbidden degrees; and this to some extent indicates the meaning and purpose of the legislature.

None of the other objections made by the appellants are of sufficient importance to require comment.

The judgment of the district court will be affirmed.

All the Justices concurring.