SHELLY v. STATE.

(*Jackson.* June 13, 1895.)

1. INCEST. *Of uncle and niece.*

A man is guilty of incest who has carnal knowledge of the daughter of his half sister, where the statute forbids such intercourse with the daughter of a sister or brother. (*Post, pp. 153, 154.*)

Code construed: §§ 5646, 5647 (M. & V.); §§ 4836, 4837 (T. & S.).

Cases cited and approved: 59 Vt., 527; 3 Mon. Ter., 50.

2. SAME. *Woman's evidence not sufficient to support conviction.*

If the woman becomes an accomplice in the incestuous act, her uncorroborated testimony will not support a conviction of the man. (*Post, pp. 154–156.*)

Cases cited and approved: 17 Tex. App., 452; 9 *Ib.*, 237; 11 *Ib.*, 92.

3. SAME. *Woman becomes accomplice, when.*

The woman becomes an accomplice when she knowingly, voluntarily, and with the same intent as the man, indulges in the incestuous act, and, without any constraint on his part, continues the illicit intercourse for several months. (*Post, pp. 154–156.*)

FROM HARDIN.

Appeal in error from Circuit Court of Hardin County. E. D. PATTERSON, Judge.

WM. J. WATSON and FRANK P. SMITH, for Shelly.

Attorney-general PICKLE for State.

Shelly v. State.

McALISTER, J. The plaintiff in error was in-
dicted, tried, and convicted in the Circuit Court of
Hardin County, on a charge of incestuous intercourse
with the daughter of his half-sister, and, upon the
verdict of a jury, was sentenced by the Court to
imprisonment in the State penitentiary for a term of
five years. He has appealed in error to this Court.
The indictment was based upon § 5646, M. · & V.
Code, viz.: "No man shall marry or have carnal
knowledge of his mother, his father's sister, his
mother's sister, his sister, his daughter, the daughter
of his brother or sister," etc. Section 5647 further
provides, viz.: "No woman shall marry or have sex-
ual intercourse with her father, her father's brother,
her mother's brother," etc. The punishment prescribed
for this offense is confinement in the penitentiary
for a period not less than five nor more than twenty-
one years. The first assignment of error is based
upon the charge of the Circuit Judge in the con-
struction of this statute, to wit: "The term sister,
as used in this connection, would apply as well to
the half blood as to the whole blood, so that if
you find, from the proof, that the mother of this
girl with whom defendant is charged to have had
carnal knowledge, was only a half-sister of defend-
ant, still, the offense would be the same as if she
had been the daughter of a full sister." We think
the charge a sound construction of the statute, and
in entire accord with the authorities. This precise
question was before the Supreme Court of Vermont

in the case of *State* v. *Wyman*, 59 Vt., 527. The Court said, viz.: "It was objected that the indictment was not sustained by proof that the respondent committed the offense with a daughter of his half-brother, it being claimed that the word brother in the statute was not broad enough to cover a brother of the half blood. In support of this claim, it is urged that, at common law, a brother of the half blood is not a brother, and cannot inherit as such. It is true that, by the common law, a brother of the half blood could not inherit, but this was a rule for the regulation of the descent of property, and had no broader scope. It did not undertake to affect the relations of brethren of the half blood any further than to prescribe, for certain reasons having their origin in the ancient system of feudal tenures, that in the descent of the inheritance, a brother of the half blood should be left out. The common law rule, therefore, would have no force in a case of this kind, but the generally understood significance of the word 'brother,' as used in the common affairs of life, and as defined by lexicographers of recognized authority, should be adopted in the construction of the statute." See, also, *Territory* v. *Corbett*, 3 Mon. Ter., 50.

We find, upon an examination of the record, that this conviction is based exclusively upon the testimony of the female. She testified that the defendant began to have intercourse with her in the spring or summer of 1893, and kept it up until about

Christmas. There was no testimony whatever to corroborate these statements. The defendant was examined as a witness, and positively denied any sexual intercourse. The question presented is whether the conviction can be sustained upon such testimony. In the case of *Mercer* v. *The State*, 17 Tex. App., 452, it was held that if a woman consents to the crime of incest she is an accomplice, and a conviction cannot be had upon her unsupported testimony, and that she must be deemed to have consented where she testifies that the crime was committed between her father and herself weekly for a period of eight years. Again, in the case of *Watson* v. *The State*, 9 Tex. App., 237, the Court said, viz.: "It was entirely upon the testimony of the defendant's daughter, with whom the incestuous intercourse is alleged to have occurred, that the conviction was obtained. It is contended by defendant's counsel that she was an accomplice in the offense, and that, her testimony being uncorroborated in the manner required by law, the conviction is not sustained by sufficient evidence."

"If the witness knowingly, voluntarily, and with the same intent which actuated the defendant, united with him in the commission of the crime charged against him, she was an accomplice, and her uncorroborated testimony cannot support the conviction. But, if in the commission of the incestuous act she was the victim of force, threats, fraud, or undue influence, so that she did not act voluntarily, and

did not join in the commission of the act with the same intent that actuated the defendant, then she would not be an accomplice, and a conviction would stand, even upon her uncorroborated testimony." Wharton's Cr. Ev., § 440; *Freeman* v. *The State*, 11 Tex. App., 92. There is no evidence in this record of any force, threats, fraud or undue influence practiced by the defendant in accomplishing the incestuous act. On the contrary, the evidence of the female was that the sexual intercourse was commenced in the spring or summer of 1893, and kept up until the following Christmas, which would imply that she consented to it. The Court holds that her uncorroborated testimony is insufficient to support the conviction, and, for this reason, the judgment is reversed and the cause remanded.