[Crim. No. 6468.   Second Dist., Div. Two.   Jan. 14, 1959.]

THE PEOPLE, Respondent, v. VON ZAYNE WOMACK, Appellant.

Ellery E. Cuff, Public Defender (Los Angeles), and Richard W. Erskine, Deputy Public Defender, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

HERNDON, J.— The sole question posed by this appeal is whether an admitted act of sexual intercourse between defendant and the 14-year-old daughter of his half-sister was

incestuous under section 285 of the Penal Code: "Persons being within the degrees of consanguinity within which marriages are declared by law to be incestuous and void, who intermarry with each other, or who commit fornication or adultery with each other, are punishable by imprisonment in the state prison not less than one year nor more than fifty years."

Section 59 of the Civil Code provides: "Marriages between parents and children, ancestors and descendants of every degree, and between brothers and sisters of the half as well as the whole blood, and between uncles and nieces or aunts and nephews, are incestuous, and void from the beginning, whether the relationship is legitimate or illegitimate."

The essence of defendant's argument, as stated in his opening brief, is as follows: "An ordinary reading of Civil Code, Section 59, leads counsel to the conclusion that 'half-uncle' and 'half-niece' are not included in the language. The words 'of the half as well as the whole blood' clearly apply to the words 'brothers and sisters'; they clearly do not apply to 'uncles and nieces.' In such case, where 'half-bloods' are mentioned as to one class of persons and not mentioned as to another class, it seems clear that 'half-bloods' are not covered as to the latter class."

Defendant seeks to invoke the rule that where the language of a penal statute is reasonably susceptible of two constructions that construction which is more favorable to the accused will ordinarily be adopted. (*People* v. *Valentine*, 28 Cal.2d 121 [169 P.2d 1].)

Although the question here presented has not been decided in any reported California decision, the great weight of authority is adverse to defendant's contention. We are in accord with the prevailing view that the statutory prohibition applies to the relationship here involved. ▮ By definition, an uncle is a brother of one's father or mother, and no distinction is made between the whole and the half blood according to common and ordinary usage. (Black's Law Dictionary, 4th ed.; The Oxford English Dictionary, vol. 11, p. 86.) In referring to himself as the "half-uncle" of the victim of his act, defendant employs a misnomer; it is a term unknown to common usage.

In *State* v. *Reedy* (1890), 44 Kan. 190 [24 P. 66, 67], the terms of the applicable statutes were essentially the same as those here involved. The Supreme Court of Kansas declared: "The language employed by the legislature is to be interpreted

according to its common meaning; and, when the terms 'uncle' and 'niece' are viewed in that light, they will include the half-brother of the father, and the daughter of a brother of the half-blood.''

In *State* v. *Guiton* (1898), 51 La. Ann. 155 [24 So. 784, 785], the defendant was convicted of incest with a niece, the daughter of his half-brother. The definitive statute provided that ''marriage is prohibited between brother and sister, whether of the whole or of the half blood, whether legitimate or illegitimate, and also between the uncle and the niece, the aunt and the nephew.'' On appeal the same contention as that urged by defendant here was advanced, namely that since the qualifying words relating to the half blood were used only in reference to brother and sister, the relationship involved was not covered. In rejecting the contention the Louisiana court said: ''It is true that the compilers of our Code inserted the qualifying words [half-blood]. . . . We incline to the opinion that 'brother' and 'sister' as used, would include brother and sister of the half blood, without the qualifying words of the articles of the Code; that, as relates to the crime charged, the half blood is meant equally with the whole blood. . . . Even if it should be conceded that too broad a meaning is given to the words 'brother' and 'sister,' and that, if used alone, they do not mean brothers and sisters of the half blood, here, in terms, brothers and sisters of the half blood are included in the article, followed by the words 'and also,' which refer, as we take it, to uncle and niece, and the qualifying words just preceding, 'of the half blood.' So that, in our view, it is as if the statute read, 'Marriage is prohibited between brother and sister, whether of the whole or half blood, and also uncle and niece, whether of the whole or the half blood.' ''

In *State* v. *Harris* (1908), 149 N.C. 513 [62 S.E. 1090, 1091, 128 Am.St.Rep. 669], defendant was convicted of incest under a charge that he had carnal intercourse with a female who was the daughter of his half-sister. In defining the crime, the statute referred to intercourse between brother and sister and uncle and niece, but in referring to brother and sister added the qualifying clause ''of the half or whole blood.'' In affirming the conviction the appellate court said: ''For obvious reasons, nothing is said of the half or whole blood. The relation of uncle and niece must of necessity be of the half blood, as in all other relations of consanguinity, other than those defined in the preceding section. As here, the daughter of

defendant's sister is of course related to him only by the half blood. The fact that the mother of the girl is only half-sister of defendant cannot affect the case. . . . We think the defendant and his niece, the daughter of the half-sister, clearly within the statute.''

It has been held generally that prohibitions against incestuous relationships apply to designated near relatives, whether by the half blood or the whole blood. (*State* v. *Lamb* (1929), 209 Iowa 132 [227 N.W. 830, 831]; *State* v. *Wyman*, (1887), 59 Vt. 527 [8 A. 900, 59 Am.Rep. 755]; *Simon* v. *State* (1892), 31 Tex. Cr. Rep. 186 [20 S.W. 399, 37 Am.St. Rep. 802]; *People* v. *Binger* (1919), 289 Ill. 582 [124 N.E. 583]; *Shelley* v. *State* (1895), 95 Tenn. 152 [31 S.W. 492, 493, 49 Am.St.Rep. 926]; *Burdue* v. *Commonwealth* (1911), 144 Ky. 428 [138 S.W. 296, 297]; *Commonwealth* v. *Ashey* (1924), 248 Mass. 259 [142 N.E. 788, 789]; *State* v. *Skinner* (1945), 132 Conn. 163 [43 A.2d 76, 77].)

The statements of the text-writers are uniformly to the same effect: Keezer, Marriage and Divorce (1923), section 110; 1 Schouler, Marriage, Divorce, Separation and Domestic Relations 22-23, section 16; 2 Nelson, Marriage and Separation (1895), 640, section 710; 1 Bishop, Marriage, Divorce and Separation (1891), 322, section 748; 3 Burdick, Law of Crime, 239, section 837. See also: 31 C.J. 377, section 10; 42 C.J.S. 505, section 3 and 27 Am.Jur. 289, section 3.

The judgment and the order denying motion for a new trial are affirmed.

Fox, P. J., and Ashburn, J., concurred.