No. 69,978

STATE OF KANSAS, *Appellee*, v. BILLY JOE CRAIG, JR., *Appellant*.

(867 P.2d 1013)

Opinion filed January 21, 1994.

*Keith E. Schroeder*, assistant county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellant.

*Stanley R. Juhnke*, of Hutchinson, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This case considers whether a half-blood uncle is subject to prosecution under K.S.A. 21-3603, the aggravated incest statute.

## A Question Reserved By The Prosecution

Our jurisdiction is under K.S.A. 22-3602(b)(3), an appeal upon a question reserved by the prosecution. The State indicates in its notice of appeal that jurisdiction is under K.S.A. 22-3602(b)(1), an appeal from an order dismissing the complaint, information,

or indictment. However, we are informed by the State's docketing statement, Rule 2.041 (1993 Kan. Ct. R. Annot. 10), that the instant appeal is upon a question reserved by the prosecution. Three proposed issues are reserved and were briefed by the parties: 1) whether the half-blood relationship meant that defendant could be subject to prosecution under K.S.A. 21-3603; 2) whether the State should have been allowed to amend the information from aggravated incest to indecent liberties with a child after it rested its case; and 3) whether indecent liberties with a child is an included offense of aggravated incest under K.S.A. 21-3107(2)(d). We shall consider the half-blood uncle relationship question, which involves an interpretation of K.S.A. 21-3603, as an issue before us on a question reserved. The other two issues we need not entertain.

An appeal on a question reserved is permitted to provide an answer which will aid in the correct and uniform administration of the criminal law. We do not entertain a question reserved merely to demonstrate errors of a trial court in rulings adverse to the State. Questions reserved presuppose that the case at hand has concluded but that an answer to an issue of statewide importance is necessary for proper disposition of future cases. *State v. Ruff*, 252 Kan 625, 630, 847 P.2d 1258 (1993). Our disposition of the half-blood uncle issue characterizes the remaining two issues as matters of asserted trial error which lack statewide interest.

We agree with the trial court. The sexual relationship between a half-blood uncle and the victim, a minor daughter of a half-brother, is not contemplated under K.S.A. 21-3603. The State's appeal is denied.

### Facts

Defendant, Billy Joe Craig, Jr., was charged with aggravated incest, a class D felony, under K.S.A. 21-3603. The original complaint was amended during the preliminary hearing to reflect that the alleged crime occurred between May 1988 and December 1990. The complaint, at the request of the prosecutor, also was amended to include an alternative charge of indecent liberties with a child, a class C felony, under K.S.A. 1992 Supp. 21-3503.

The victim testified at the preliminary hearing that her date of birth was December 5, 1972. She explained that Craig was her half-uncle because her natural father and Craig had the same mother. The victim testified that she had never been married to Craig and began having sexual intercourse with him in the summer of 1988, when she was 15. The sexual intercourse continued 4 to 5 times a month until she was 18, resulting in the birth of a son.

The district court bound Craig over only on the aggravated incest charge. The court determined that the victim and Craig were related as niece and uncle and that this relationship was one the legislature intended to include under K.S.A. 21-3603.

A formal information was filed charging Craig with aggravated incest. Craig's case was assigned to a different district judge for trial. Craig entered a plea of not guilty and waived his right to a jury trial. Craig's counsel stipulated to identification and to the admission of a blood test result which established with a 99.48 percent certainty that Craig was the father of the victim's child.

A bench trial began with the State calling the victim as its first witness. She provided the same information that she had testified to at the preliminary hearing. As the State conducted its direct examination, Craig interrupted and informed the trial judge that he would stipulate that sexual intercourse occurred in Reno County between May 1988 and December 1990. The trial court accepted the stipulation. The State rested.

Craig immediately requested that the case be dismissed on the basis that sexual intercourse between a half-niece and half-uncle was not prohibited by K.S.A. 21-3603. Craig also called the trial court's attention to the fact that K.S.A. 23-102 (incestuous marriages are void) does not prohibit marriage between a half-niece and half-uncle. Craig based his K.S.A. 21-3603 argument on *People v. Baker*, 69 Cal. 2d 44, 69 Cal. Rptr. 595, 442 P.2d 675 (1968). *Baker* held that the California incest statute condemned sexual relations between persons related by half-blood only when they were brothers and sisters. Sexual relations between an uncle and a niece of half-blood were not prohibited.

The State, in the case at bar, argued that a half-blood uncle is a classification under K.S.A. 21-3603 as determined by the district judge who presided at the preliminary hearing. In the

alternative, the State requested that the trial court amend the complaint to charge the crime of indecent liberties with a child because the sexual intercourse stipulated to by Craig occurred, in part, during a time period when the victim was under 16 years of age.

The judge presiding at trial determined that K.S.A. 21-3603 was "very specific" as to the acts prohibited, concluded that the relationship between Craig and the victim was not proscribed under the aggravated incest statute, and dismissed the charge. The trial judge denied the State's request to amend the complaint because indecent liberties is a higher class of felony than aggravated incest. He reasoned that another preliminary hearing on the new crime was required and that "[t]he crime of indecent liberties with a child is not a 'lesser included offense' within the aggravated incest charge. This is a different crime with different elements of proof. The state cannot amend, after resting its case, to charge the defendant with an additional or different crime." The State argued that the complaint could be amended at any time before a verdict or finding.

## Standard of Review

The district court's interpretation of K.S.A. 21-3603 is a determination of law which frames the issues on appeal; consequently, our standard of review is unlimited. *Gillespie v. Seymour*, 250 Kan. 123, Syl. ¶ 2, 823 P.2d 782 (1991).

## K.S.A. 21-3603—A Half-Blood Uncle

Craig was charged with aggravated incest under K.S.A. 21-3603:

"(1) Aggravated incest is marriage to or engaging in any prohibited act enumerated in subsection (2) with a person who is under 18 years of age and who is known to the offender to be related to the offender as any of the following biological, step or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew or niece. (2) The following are prohibited acts under subsection (1):
  (a) Sexual intercourse, sodomy or any unlawful sex act, as defined by K.S.A. 21-3501 and amendments thereto; or
  (b) any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender or both.
(3) Aggravated incest is a class D felony."

K.S.A. 1992 Supp. 21-3503, indecent liberties with a child, states:

"(1) Indecent liberties with a child is engaging in any of the following acts with a child who is under 16 years of age:
    (a) Sexual intercourse; or
    (b) any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both; or
    (c) soliciting the child to engage in any lewd fondling or touching of the person of another with the intent to arouse or satisfy the sexual desires of the child, the offender or another.
(2) It shall be a defense to a prosecution of indecent liberties with a child that the child was married to the accused at the time of the offense.
(3) Indecent liberties with a child is a class C felony."

The State concedes that K.S.A. 21-3603 does not specifically refer to a half-blood uncle. The State emphasizes that the half-uncle relationship is more closely allied in blood than that of a step-uncle or an adoptive uncle. The State urges us to conclude that a half-blood uncle was contemplated by the legislature as a biological relative within the meaning and purpose of the aggravated incest statute. We decline to do so.

The State relies on *State v. Reedy*, 44 Kan. 190, 24 Pac. 66 (1890). Reedy was convicted of incestuous cohabitation with the daughter of his half-brother. The Kansas incest statute at that time was similar to K.S.A. 21-3603. The earlier statute prohibited sexual relationships between parents and children, grandparents and grandchildren of any degree, brothers and sisters of the one-half as well as the whole blood, uncles and nieces, aunts and nephews, and first cousins. 44 Kan. at 192. The earlier statute, like K.S.A. 21-3603, did not specifically refer to half-blood uncles. In *Reedy*, we were asked to determine whether the incest statute applied to half-blood uncles. We found that "[a]n uncle is defined to be the brother of a father or mother, and according to the common understanding there is no distinction between the whole and half blood. [Citation omitted.]" 44 Kan. at 192. The State reasons that *Reedy* continues to be the law. The State claims that it was prohibited from charging Craig with indecent liberties with a child under *State v. Williams*, 250 Kan. 730, 829 P.2d 892 (1992), and that following *Reedy*, it properly charged Craig with aggravated incest.

The State advances a plausible argument; however, by this opinion, we overrule *Reedy*. In overruling *Reedy*, we emphasize the fundamental rule that penal statutes must be strictly construed in favor of the accused. *State v. Schlein*, 253 Kan. 205, Syl. ¶ 2, 854 P.2d 296 (1993). K.S.A. 21-3603 does not refer to half-blood uncles. It does, however, specifically refer to other half-blood relationships, *i.e.*, half-brother and half-sister.

The Missouri Supreme Court in *State v. Bartley*, 304 Mo. 58, 263 S.W. 95 (1924), reasoned that when the incest statute specifically referred to a brother and sister of half blood it necessarily excluded all other half-blood relationships. *Bartley* was using one of the more common rules of statutory interpretation as expressed in the Latin maxim: *expressio unius est exclusio alterius, i.e.,* the mention or inclusion of one thing implies the exclusion of another. We also have endorsed the *expressio unius* rule. *State v. Wood*, 231 Kan. 699, 701, 647 P.2d 1327 (1982).

*Baker*, the California case relied on by the trial court in the case at bar, must be read in conjunction with *People v. Womack*, 167 Cal. App. 2d 130, 334 P.2d 309 (1959), and *Reedy*. *Womack* followed our decision in *Reedy*. 167 Cal. App. 2d at 131-32. *Baker* disapproved of *Womack*. 69 Cal. 2d at 50.

We must extend to Craig the benefit of reasonable doubt as to whether the aggravated incest statute applies under the facts. The trial court correctly determined that half-blood uncles were not contemplated by the legislature for inclusion under the aggravated incest statute. We believe the *Reedy* court should have emphasized the cardinal concept of strict construction of criminal law statutes rather than a legal dictionary definition of uncle which emphasized the civil law common understanding of the term. 44 Kan. at 192.

We reject *Reedy's* common understanding perspective of the term uncle. We acknowledge the State's dilemma that developed in charging Craig under the circumstances of differing trial judge views. However, we reason that if the legislature intends for half-blood uncles to be included under K.S.A. 21-3603, the statute may be amended to specifically include them.

Appeal denied.