No. 72,105

CITY OF WICHITA, *Appellant,* v. KEITH BASGALL and MARK GREEN, *Appellees.*

(894 P.2d 876)

Opinion filed April 28, 1995.

*Sharon L. Dickgrafe,* assistant city attorney, argued the cause, and *Gary E. Rebenstorf,* city attorney, was with her on the brief for appellant.

No appearances by appellees.

The opinion of the court was delivered by

MCFARLAND, J.: Keith Basgall and Mark Green were each charged with the violation of a city ordinance relating to handicapped parking. The Wichita municipal court found the defendants not guilty based upon: (1) the fact that the access area in which defendants parked was not marked in conformity with state and federal requirements and (2) the portion of the ordinance defining access area was unconstitutionally vague. The City of Wichita appealed therefrom pursuant to K.S.A. 12-4601(b). The district court upheld the municipal court's determination as to both questions reserved. The matter is before us on the City's appeal of the two questions reserved pursuant to K.S.A. 1994 Supp. 22-3602(b)(3).

The facts are not in dispute and may be summarized as follows. On December 9, 1993, each of the defendants parked a motorcycle in the parking lot of a Wichita department store. Each vehicle was parked in a triangular area painted in a yellow striped pattern. The area so marked was adjacent to a duly marked handicapped parking space. The defendants were each issued a traffic citation alleging violation of § 11.52.020(25)(b) of the Code of the City of Wichita: Parking in Handicap Zone. This ordinance provides that it is unlawful:

"[f]or any person to stop, stand or park a vehicle so that it blocks access to a designated handicapped parking space, access ramp or access area. For the purposes of this section, 'access ramp' means that area of whatever dimension or configuration immediately adjacent to a designated disabled accessible parking space that is marked in any manner indicating it is to be used in conjunction with such designated disabled accessible parking space. 'Access area' means that area of whatever dimension or configuration immediately adjacent to a designated disabled accessible parking space that is marked in any manner indicating it is to be used in conjunction with such disabled accessible parking space."

Other facts will be stated as necessary for the discussion of particular issues.

The questions reserved are as follows:

I. Can a municipality, by its home rule or police powers, adopt handicapped parking legislation which is broader than state or federal law?
   A. Is the City's ordinance in conflict with state or federal law?
   B. Have state and federal laws dealing with handicapped parking preempted this field of legislation?

II. Is the definition of access area contained in § 11.52.020(25)(b) of the Code of the City of Wichita unconstitutionally vague?

An appeal on a question reserved is permitted to provide an answer which will aid in the correct and uniform administration of the criminal law. We do not entertain a question reserved merely to demonstrate errors of a district court in rulings adverse to the State. Questions reserved presuppose that the case at hand has concluded but that an answer to an issue of statewide importance is necessary for proper disposition of future cases. *State v. Craig*, 254 Kan. 575, Syl. ¶ 1, 867 P.2d 1013 (1994); *State v. Ruff*, 252 Kan. 625, Syl. ¶ 4, 847 P.2d 1258 (1993); *State v. Puckett*, 227 Kan. 911, 912, 610 P.2d 637 (1980).

Whether or not this case has sufficient statewide importance to warrant entertaining the appeal is a close question. Ordinarily, the validity of a local ordinance has no such status. However, since other municipalities may now have or may adopt handicapped parking ordinances which may give rise to similar issues, we will entertain the appeal.

A city ordinance should be permitted to stand unless an actual conflict exists between the ordinance and a statute, or unless the legislature or Congress has clearly preempted the field so as to preclude municipal action. See *Moore v. City of Lawrence*, 232 Kan. 353, Syl. ¶ 4, 654 P.2d 445 (1982).

The City concedes that the state and federal laws concerning handicapped parking, K.S.A. 1992 Supp. 8-1,128 and the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (Supp. V 1993), respectively, are uniformly applicable to all cities. See K.S.A. 8-2001. Much has been written about conflicts among city ordinances, state statutes, and federal law, as well as preemption and home rule. This case falls so far short of raising a viable issue in any of these weighty areas that no purpose would be served by any lengthy discussion.

We note the following, however. K.S.A. 1992 Supp. 8-1,128 provided in pertinent part:

"(a) . . . *[A]ll designated accessible parking spaces shall be clearly marked by vertically mounted signs bearing the international symbol of access.* Such signs shall be displayed with the bottom of the sign not less than 32 inches above the surface of the roadway."

"(b) *As of January 26, 1992*, any owner of private property available for public use establishing *a new parking space or relocating an existing parking space for persons with a disability, shall conform to the following federal regulation: Section 4.6 of appendix A to part 36; nondiscrimination on the basis of disability by public accommodations and commercial facilities, 28 CFR part 36*, as required by the Americans with disabilities act of 1990, 42 USCA 12101 *et seq.*" (Emphasis supplied.)

The parking spaces or access areas herein were not new parking spaces or relocated parking spaces and hence were not subject to the statute.

Likewise, the federal law referred to by the Kansas statute does not apply to the parking space access area herein. 28 C.F.R. § 36.401 (1994), which is in subpart D of Part 36 entitled New Construction and Alterations, provides:

"(a) *General.* (1) Except as provided in paragraphs (b) and (c) of this section, discrimination for purposes of this part includes a failure to design and construct facilities for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities."

Aside from new construction, Part 36 contains guidance for alterations to places of public accommodation. An alteration is a change to a place of public accommodation or a commercial facility, such as remodeling, renovation, reconstruction, etc., that is undertaken after January 26, 1993. 28 C.F.R. § 36.402(b) (1994).

Public accommodations are merely "urged" to remove barriers which would inhibit or prevent access or use by disabled persons, with first priority toward access:

"First, a public accommodation should take measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation. These measures include, for example, installing an entrance ramp, widening entrances, and providing accessible parking spaces." 28 C.F.R. § 36.304(c)(1) (1994).

Thus, the Wichita ordinance was not in conflict with any federal or state law as to the particular access area in question. The ordinance also, however, covers newly constructed or relocated parking areas. If the access area had been such new construction, its dimensions would not conform to those required by federal law. Therein, access aisles must be at least 60 inches wide and 96 inches wide to be van accessible. 28 C.F.R. Pt. 36, App. A,

§ 4.1.2 (1994). It is appropriate to consider the purpose of the federal and state legislation, which is to assist disabled persons and require public accommodations to comply with certain requirements. If a public accommodation is not in compliance, then the owner thereof may well have some legal problems. Failure of the owner to be in compliance is no shield for individuals such as defendants. In fact, it would be contrary to the intent and purposes of federal and state legislation to hold, for instance, that there could be no penalty for parking in an access aisle that measured 58 inches wide when federal law required a minimum of a 60-inch width for such aisles.

The primary method of determining whether an ordinance is inconsistent with a state standard is to see whether the local law prohibits what the state law permits or the state law prohibits what the local law permits. *Missouri Pacific Railroad v. Board of Greeley County Comm'rs*, 231 Kan. 225, 227, 643 P.2d 188 (1982). Where a municipal ordinance merely enlarges on the provisions of a statute by requiring more than is required by the statute, there is no conflict between the two unless the legislature has limited the requirements for all cases to its own prescription. *Leavenworth Club Owners Assn. v. Atchison*, 208 Kan. 318, Syl. ¶ 3, 492 P.2d 183 (1971).

The municipal ordinance herein enlarges upon but does not conflict with state or federal law. We conclude the district court erred in holding otherwise.

This brings us to the second reserved question. Is the ordinance definition of "access area" unconstitutionally vague? For convenience, the language the district court found to be impermissibly vague contained in § 11.52.020(25)(b) is repeated as follows:

" *'Access area' means that area of whatever dimension or configuration immediately adjacent to a designated disabled accessible parking space that is marked in any manner indicating it is to be used in conjunction with such disabled accessible parking space."*

The district court adopted the detailed memorandum opinion of the municipal court. We will, however, simply refer to this opinion as being that of the district court.

It is clear that the district court was concerned over the fact that every row of parking spaces in this particular parking lot

ended in a triangular, yellow-striped area. Thus, the yellow-striped area for which the ticketing occurred is identical with the ends of all other rows regardless of whether or not handicapped parking spaces were present. Looking at only the yellow-striped triangle, one could not determine that it was a handicapped parking access area as opposed to just the end of a row of regular parking spaces.

However, the area in question was marked by yellow striping. Parking places had no such marking. A person of ordinary intelligence should know that he or she should not park in an area so marked. Does the fact that some areas so marked are adjacent to handicapped parking spaces and others are not alter this conclusion? We believe not. If one parks in one of the marked areas which is next to a handicapped parking space, one is subject to a rather stiff mandatory fine. One is not subject to such a fine in a striped area not situated adjacent to a handicapped parking space. Does this equate to vagueness in the ordinance itself? We believe not.

The significance of parking spaces designated as to be used by disabled persons is known by individuals of ordinary intelligence even if such persons are not familiar with the laws under which they were created. A person will be subject to a hefty penalty if he or she parks therein without displaying proper accreditation showing a right to use the space. This same individual of ordinary intelligence would also be aware of the fact that such handicapped parking spaces, for obvious reasons, customarily have extra width or other features intended to permit easier access to vehicles parked in such spaces.

In *Boatright v. Kansas Racing Comm'n*, 251 Kan. 240, Syl. ¶ 2, 834 P.2d 368 (1992), we stated:

"The standard for determining whether a criminal statute is vague is whether the language conveys a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice. A statute which either requires or forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application is violative of due process."

In reviewing the district court's decision herein, it is clear that the court was also concerned over what it considered harsh and

unfair results required by certain provisions of the ordinance as to mandatory prosecutions and the imposition of high fines. This is a matter going to the wisdom of enacting certain legislation, and that is not within the judicial role. As we stated in *U.S.D. No. 380 v. McMillen*, 252 Kan. 451, 461, 845 P.2d 676 (1993):

" 'The judiciary interprets, explains and applies the law to controversies concerning rights, wrongs, duties and obligations arising under the law and has imposed upon it the obligation of interpreting the Constitution and of safeguarding the basic rights reserved thereby to the people. In this sphere of responsibility courts have no power to overturn a law enacted by the legislature within constitutional limitations, even though the law may be unwise, impolitic or unjust. The remedy in such a case lies with the people.' " (Quoting *Harris v. Shanahan*, 192 Kan. 183, 206-07, 387 P.2d 771 [1963].)

One aspect of the district court's rationale contains a curious inconsistency. The district court held the ordinance's definition of "access area" constitutionally impermissible for vagueness yet stated:

"14. Were the handicapped space next to where this Defendant parked a properly marked 'Van Accessible' handicapped parking space as authorized by K.S.A. 1992 Supp. 8-1,128 (b) and the relevant portions of the ADA cited above, this Court would have no hesitation in ruling that the elements of the offense charged would have been proven and that the mandatory penalty be imposed."

Query: If the ordinance's definition of access area is too vague to pass constitutional muster, how could this result be altered depending upon which type of handicapped space the access area in question was adjacent to?

The district court apparently mixed the objective test for vagueness of a statute with the issue of whether the City had proven the ordinance had been violated under the particular facts herein. The district court's emphasis is on the facts of the particular access area involved herein as opposed to the ordinance itself.

We do not find the ordinance's definition of access area to be impermissibly vague. The district court's real concern would appear to be that the particular area in question was not adequately marked as an access area under the ordinance. This issue is beyond the parameters of the questions reserved and is a purely factual determination which would be inappropriate for review herein even if properly raised.

We conclude the district court erred in determining the ordinance was impermissibly vague.

The City's appeal on the questions reserved is sustained.