Mary McDonald Harvey County Attorney Harvey County Courthouse P.O. Box 687 Newton, Kansas 67114
Dear Ms. McDonald:
As Harvey county attorney, you request our opinion whether a county may charge a fee to individuals who enter community correctional programs. K.S.A. 21-4610a requires a participant to pay a community correction service fee of $50 but that fee is remitted to the state general fund. You inquire whether a county may charge an additional fee which may be used by a county to supplement the state subsidy for community correctional services.
The community corrections act (act), at K.S.A. 75-5290 et seq., is part of the state correctional program and is funded almost exclusively by grants from the department of corrections to counties that are charged with developing and operating community correctional services such as restitution programs, preventive or diversionary correctional programs and community correctional facilities for the detention of adults and juveniles. State v. Garrett, 235 Kan. 768, 774 (1984); K.S.A. 75-5291; K.S.A. 75-52,102. County commissioners are responsible for the implementation and operation of a comprehensive plan prepared by a correction advisory board and approved by the secretary of the department of corrections. K.S.A. 75-5292; 75-5295; K.S.A. 1995 Supp. 75-5296; K.S.A. 75-5297.
Counties may employ home rule power pursuant to K.S.A. 19-101a
which enables county commissioners to perform all powers of local legislation and administration subject only to acts of the legislature which apply uniformly to all counties. We conclude that the community corrections act is an act of the legislature which applies uniformly to allcounties, however, this conclusion does not end our analysis because even though a statute is uniform, it does not preclude a county from exercising its powers of local legislation and administration provided such action does not conflict with the uniform statute and the legislature has not clearly preempted the field so as to preclude county action. Missouri Pacific Railroad v. Board of Greeley County Commissioners, 231 Kan. 225, 227 (1982); City of Wichita v. Basgall,257 Kan. 631 (1995); McCarthy v. City of Leawood, 257 Kan. 566(1995). [While the case of Blevins v. Hiebert, 247 Kan. 1 (1990), appears to conclude that home rule is prohibited where there is a statute uniformly applicable to all counties except where a county utilizes its police power for the health, safety and welfare of the public, the cases that have been decided since Blevins appear to have restricted this conclusion to its facts. (See McCarthy v. City of Leawood, 257 Kan. 566, 584
(1995)].
Our analysis focuses first on whether the community corrections act preempts a county's ability to legislate in the area of community correctional programs. The rule of preemption which denies the power to enact local legislation is a rule of necessity based upon the need to prevent dual regulation which would result in uncertainty and confusion and whether the state has preempted the field to the exclusion of local legislation depends not only on the language of the statutes but upon the purpose and scope of the legislative scheme. Missouri Pacific Railroad,231 Kan. at 228. Finally, the legislature must clearly preempt the field so as to preclude any action by the local governing body. McCarthy, supra; Johnson County Water District No. 1 v. City of Kansas City,255 Kan. 183, 193 (1994); Dillon Stores v. Lovelady, 253 Kan. 274, 279
(1993).
The community corrections act is modeled after a Minnesota law, the stated purpose of which is to promote efficiency and economy in the use of correctional dollars and to develop and maintain community programs and resources while effectively protecting society. Report of Kansas Legislative Interim Studies to the 1978 Legislature — Proposal No. 14 (Feb. 1978). Based on the assumption that the local community can provide better service to most offenders, the act transfers major responsibility for providing client services for all but serious offenders to local units of government. Proposal No. 14, page 16. A local corrections advisory board drafts a comprehensive plan for providing correctional services, which plan is then submitted to the secretary of the department of corrections for approval. If approved, the secretary determines the amount of the grant pursuant to a formula established at K.S.A. 1995 Supp. 75-52,111 which is then provided to a county to fund the implementation of the comprehensive plan.
In 1989, county participation in the community corrections business become mandatory and the state funding formula was changed in order to reduce the significant number of individuals on waiting lists for admission into the programs which occurred as a result of a limitation of state funds. Minutes, Senate Committee on the Judiciary, March 7, 1989, Attachment I.
While the purpose of the act is to provide for state financing of local correctional programs, we find no intent to preclude counties from legislating in this area provided there is no conflict with the act. On the contrary, the act mandates that counties develop and implement their own programs subject to department of corrections oversight which negates the concept of a pervasive and exclusive scheme of state control. Consequently, we find no legislative intent to preempt the field of community correctional services which would preclude a county from charging a fee for its community correctional programs.
The last part of our analysis is whether a fee for community correctional programs conflicts with the community corrections act. Toward that end, we are mindful of the definition of a conflict enunciated in Missouri Pacific Railroad, supra:
 "The primary method of determining whether an ordinance or resolution of a county is inconsistent with a statute is to see whether the local law prohibits what the state law permits or the state law prohibits what the local law permits." Missouri Pacific Railroad, 231 Kan. at 227.
Neither the act or the regulations implementing it address the subject of county fees for correctional programs — much less prohibit them — and, therefore, we find no conflict between such fee and the act.
Summarizing our opinion, while the community corrections act is a uniform act applicable to all counties, it does not preempt a county's ability to legislate in the area of community correctional services and a fee charged by a county for program participants does not conflict with the act.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm